

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 22 2023

RICK WARREN
COURT CLERK
41_____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

JANESSA BOINTY,

          *Plaintiff*,

vs.

STATE OF OKLAHOMA ex rel. OKLAHOMA
STATE DEPARTMENT OF EDUCATION, and

RYAN WALTERS, *in his official capacity as Superintendent of Public Instruction, and in his individual capacity*,

          *Defendants*.

No. CJ-2023-5054

## MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendants Oklahoma State Department of Education (SDE) and Ryan Walters, in his official capacity,[1] move this court to dismiss the above-captioned complaint for failure to state a claim. 12 O.S. § 2012(b)(6). OMES properly denied Plaintiff's meritless claim in light of Defendant SDE's response, and OMES's decision should be upheld.

### ARGUMENT

A trial court may grant a motion to dismiss under § 2012(b)(6) "when it appears beyond doubt that the plaintiff cannot prove any set of facts which would entitle her to relief under the law." *Guilbeau v. Durant H.M.A., LLC*, 2023 OK 80, ¶ 7. This Plaintiff is not entitled to any relief on her complaint for two reasons: her state tort claim is legally defective, regardless of the facts; and the video of her remarks on Edmond Public Schools' website, that this Court may take notice of at any stage of the proceedings, *see* 12 O.S. §§ 2202, 2203, flatly contradicts the facts she needs in order to state a federal claim. No further litigation is necessary to know her complaint is meritless.

---

[1] Separate counsel represents his individual capacity, and on information and belief, he has not yet been served in his individual capacity.

A.     **Plaintiff lacks a valid state constitutional tort claim.**

Plaintiff alleges a constitutional tort claim (a "*Burk* tort") for violation of Oklahoma Constitution art. II, § 22, Pet. ¶¶ 3, 21, but she fails to meet her burden to maintain such a claim.

Plaintiff cannot pursue a *Burk* tort claim that is redundant of a statutory cause of action. She bears the burden of proof to show that there is no statutorily-created remedy available. *See Kruchowski v. Weyerhaeuser Co.*, 2008 OK 105, ¶ 32. She does not and cannot offer pleadings that meet the burden.

*First*, Plaintiff had a statutory cause of action in the administrative grievance process. *See* 62 O.S. § 34.301(C). She offers no explanation in her petition of how that process failed to offer a remedy for her alleged harms, nor could she because that process was adequate. Accordingly, she failed to meet the burden to plead a state *Burk* tort claim.

*Second*, Plaintiff asserts a statutory cause of action in the federal remedy of 42 U.S.C. § 1983. *See* Pet. ¶¶ 3, 21. Courts addressing free speech claims have held that they are *not* eligible for *Burk* tort claims, by their very nature, because the federal remedy of 42 U.S.C. § 1983 is adequate to address any harm. *See, e.g.*, *Wittmer v. Thomason*, No. 18CV403, 2021 WL 849981, at *10 (E.D. Okla. Feb. 26, 2021). Thus, for this separate and distinct reason, she failed to meet the burden to plead a *Burk* tort claim.

Accordingly, this court should dismiss her state law tort claim because she has both state and federal statutorily-created remedies available and neither pleads nor could plead those remedies are inadequate.

B.     **Plaintiff's federal § 1983 argument fails to state a claim as a matter of law.**

Plaintiff's federal claim fails as a matter of law for two reasons: she spoke in her official capacity, and she spoke using information obtained solely in that capacity.

In considering a claim of a termination in violation of First Amendment rights, courts examine five factors:

(1) whether the speech was made pursuant to an employee's official duties;
(2) whether the speech was on a matter of public concern;

2

(3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests;
(4) whether the protected speech was a motivating factor in the adverse employment action; and
(5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

*Dixon v. Kirkpatrick*, 553 F.3d 1294, 1302 (10th Cir. 2009). The first three factors are questions of law that the court may decide without factfinding. *Id.* The first two factors concern whether the speech is protected by the First Amendment, while the third factor assumes the speech is protected. *See id.* at 1302-1304.

While analyzing these factors, the Court should be aware that the statements at issue in the complaint are available online for anyone to view. *See* EPS Board Meeting – March 2023 at 24:19.[2] The Court may take judicial notice of government documents available from reliable sources on the internet at any stage of the proceeding. 12 O.S. § 2203(C); *see* 12 O.S. § 2202; *Independent School District # 52 of Oklahoma Cnty. v. Hofmeister*, 2020 OK 56, ¶¶ 22-23. To the extent the summary in the Petition is flatly contradicted by the video maintained publicly by Edmond Public Schools, the Court should take notice of the video.

Plaintiff's federal claim fails at the first part of the test. Assuming without agreeing that she spoke on a matter of public concern, she did not speak as a citizen but instead spoke in her official capacity. She identified herself as an SDE employee, stating that she worked at SDE "to serve student support team there." *See* EPS Board Meeting – March 2023 at 24:36. Then, after sharing some basic statistics, she spoke about the Project AWARE grant and publicly expressed she professionally knew that Edmond intended to apply for the grant as well as her support for the application. *See id.* at 25:50. Continuing, she expressed ideas on what Edmond could do with the grant based on her work at SDE:

---

[2] March Board of Education Meeting to be Live-Streamed on Youtube, Edmond Public Schools, March 6, 2023, https://www.edmondschools.net/article/1168294.

"One of those things is implementing a universal screener for mental health, which has been done in the grant districts, the nine districts that are already Project Aware grant recipients in Oklahoma. . ." *See id.* at 26:51. She further discussed knowledge she had gained from "the districts that we've worked with that have utilized this grant." *See id.* at 27:04. Her use of the word "we" indicated that she was speaking on behalf of SDE. From these remarks combined, she expressed official agency support for Edmond's pending grant application.

Even if Plaintiff prevailed on the first factor, Plaintiff's federal claim also fails at the third factor. At the time she made her statements to the Edmond school board, she did not use public knowledge. Instead, she used knowledge gained in a professional capacity to comment on the application and to imply agency approval from her supportive remarks. Plaintiff's decision to use her particular knowledge, gained from her job, to comment on a matter pending with her agency is an adequate reason for treating her different from the general public.

Because Plaintiff cannot prevail on the first and third factors to maintain a First Amendment claim, she cannot state a claim as a matter of law. Accordingly, her federal claim should be dismissed.

## CONCLUSION

Plaintiff's state claim is legally defective, and Plaintiff cannot repair any factual defects to sustain her federal claim because there is a public government video beyond contestation documenting her inappropriate speech. This Court should dismiss the Oklahoma State Department of Education and Ryan Walters, in his official capacity, from this case.

Respectfully Submitted,

*[signature]*

Bryan Cleveland, OBA #33860
General Counsel

Oklahoma State Department of Education
2500 North Lincoln Boulevard
Oklahoma City, OK 73105
(405) 522-2424
bryan.cleveland@sde.ok.gov

*Counsel for Defendants Oklahoma State Department of Education and Ryan Walters, in his official capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September 2023, I mailed, with proper U.S. postage prepaid thereon, and emailed a true and correct copy of the above and foregoing instrument to the following:

Leah M. Roper, OBA No. 32107
The Center for Employment Law
1133 N. Portland Ave.
Oklahoma City, OK 73107
leah@centerforemploymentlaw.com

*[signature]*

Bryan Cleveland