

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT - 6 2023

RICK WARREN
COURT CLERK

37 _____

| | |
|---|---|
| JANESSA BOINTY,<br><br>Plaintiff,<br><br>v.<br><br>1. STATE OF OKLAHOMA, *ex rel*, OKLAHOMA STATE DEPARTMENT OF EDUCATION, and<br><br>2. RYAN WALTERS, in his official capacity as Superintendent of Public Instruction and his individual capacity,<br><br>Defendant. | Case No. CJ-2023-5054 |

## RESPONSE IN OPPOSITION TO THE STATE OF OKLAHOMA'S MOTION TO DISMISS

**COMES NOW THE PLAINTIFF**, Janessa Bointy, and in opposition to the Motion to Dismiss filed by the State of Oklahoma, shows as follows:

### I. - BACKGROUND OF THE CASE

Ms. Bointy spoke at an Edmond Public Schools board meeting on the availability of mental health resources for public schools after a student tragically passed away due to complications of attempted suicide. Ms. Bointy's children attend school in the district, and Ms. Bointy felt compelled to speak after reading details of the situation from the family online, particularly given her history as a school counselor in the Edmond Public Schools system. Only three days later, Defendants terminated her employment citing her comments at the meeting as the basis for her termination. Defendants continue to assert that Ms. Bointy had no personal right to speak at the meeting because she has knowledge in this area, including some gained because she works for the state.

It is vital that Defendant's arguments be rejected. Under Defendants' arguments, any employee of the state could not speak publicly about any topic related to their employment. Such an interpretation clearly violates free speech protections of both the First Amendment of the United States Constitution and Oklahoma's Constitution. Employees of state agencies may, like any other employees, be restricted in their speech when speaking on behalf of their employers. But the State of Oklahoma does not own all speech made by employees, simply because those people work for them. Defendant's motion must be denied in full.

## II. - THE STANDARD FOR A MOTION TO DISMISS

Motions to dismiss are generally viewed with disfavor. ***Darrow v. Integris Health, Inc.***, 2008 OK 1, ¶ 7; ***Sturgeon v. Retherford Publs., Inc.***, 1999 OK CIV APP 78, ¶ 3.

> The function of a motion to dismiss is to test the law of the claims, not the facts supporting them. ***Casady School***, 2008 OK 5, ¶ 8, 177 P.3d 565; ***State ex rel. Wright v. Oklahoma Corp. Comm'n***, 2007 OK 73, ¶ 52, 170 P.3d 1024; ***Estate of Hicks ex rel. Summers v. Urban East, Inc.***, 2004 OK 36, ¶ 5, 92 P.3d 88. No dismissal for failure to state a claim upon which relief may be granted should be allowed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle them to relief. ***Casady School***, 2008 OK 5, ¶ 8, 177 P.3d 565; ***State ex rel. Wright***, 2007 OK 73, ¶ 52, 170 P.3d 1024; ***Dyke v. Saint Francis Hosp., Inc.***, 1993 OK 114, n. 6, 861 P.2d 295.
> Plaintiffs need neither identify a specific theory of recovery nor set out the correct remedy or relief to which they may be entitled. ***Casady School***, 2008 OK 5, ¶ 8, 177 P.3d 565; ***Mid-Century Ins. Co.***, 2006 OK 100, ¶ 10, 151 P.3d 132. If any set of facts can be established which is consistent with the allegations, a motion to dismiss should be denied. ***Casady School***, 2008 OK 5, ¶ 8, 177 P.3d 565; ***Loosen***, 1997 OK 103, ¶ 4, 943 P.2d 1074; ***Indiana Nat'l Bank v. State Dept. of Human Services***, 1994 OK 98, ¶ 4, 880 P.2d 371. Dismissal is appropriate only for lack of any cognizable legal theory to support the claim or for insufficient facts under a cognizable theory. ***Casady School***, 2008 OK 5, ¶ 8, 177 P.3d 565. Where not all claims appear to be frivolous on their face or without merit, dismissals for failure to state a claim upon which relief may be granted are premature. ***Casady School***, 2008 OK 5, ¶ 8, 177 P.3d 565; ***Washington v. State ex rel. Dept. of Corrections***, 1996 OK 139, ¶ 7, 915 P.2d 359.

***Smith v. City of Stillwater***, 2014 OK 42, ¶ 12.

> ·A pleading **must not** be dismissed for failure to state a legally cognizable claim **unless** the allegations indicate **beyond doubt** that the litigant can prove **no** set of

facts which would entitle him to relief.'" *Frazier v. Bryan Memorial Hosp. Auth.*, 775 P.2d 281, 287 (Okla. 1989) (emphasis in the original). Further, the burden to show the legal insufficiency of the petition is on the party moving for dismissal and a motion made under § 2012(B)(6) must separately state each omission or defect in the petition; if it does not, the motion shall be denied without a hearing. *See Curlee v. Norman*, 774 P.2d 481, 482 (Okla.Ct.App. 1989).

*The Indiana National Bank v. State of Oklahoma Dept. of Human Services*, 1994 OK 98, 880 P.2d 371, 375. "If relief is possible under any set of facts which can be established and is consistent with the allegations, a motion to dismiss should be denied." *Darrow, supra*, 2008 OK at ¶ 7.

Here, it is clear that Defendant has identified *zero* legal defects in the petition. Defendant recites applicable legal standards and clearly understands the legal basis for Ms. Bointy's claims against it. Rather than seeking to dismiss the petition as legally deficient, however, Defendant seeks judgment in its favor based upon its argument of the facts contained within and out of the petition. Still, Defendant has not identified any legal defect in the pleadings, and its motion must be denied without hearing as provided by 12 O.S. § 2012(B)(6). As a matter of caution, Plaintiff will further address Defendant's arguments.

### III. - DEFENDANT'S MOTION IS A MOTION FOR SUMMARY JUDGMENT, WHICH MUST BE DENIED AT THIS TIME

"The purpose of a motion to dismiss is to test the law that governs the claim in litigation, not the underlying facts." *Southon v. Oklahoma Tire Recyclers, LLC*, 2019 OK 37, ¶ 4, 443 P.3d 566, 568 (quoting *Young v. Station 27, Inc.*, 2017 OK 68, ¶ 8, 404 P.3d 829, 833). Each of Defendant's arguments related to Ms. Bointy's § 1983 claim are fact-specific inquiries which are not appropriate under the motion to dismiss framework. In fact, Defendant's entire argument as to the § 1983 claim is evidence-based, encouraging the Court to draw facts and inferences from not only the pleadings but facts outside of the pleadings, for which it has affixed no additional evidence.

3

> If, on a motion asserting the defense numbered 6 of this subsection to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and all parties shall be given reasonable opportunity to present all material made pertinent to the motion by the rules for summary judgment.

12 O.S. § 2012. "[A] motion to dismiss pursuant to 12 O.S.2001, § 2012(B)(6) is converted to one for summary judgment when materials outside the pleadings are presented to and not excluded by the court. *Washington v. State ex rel. Dept. of Corrections*, 1996 OK 139, 915 P.2d 359." *Rowe v. HCA Health Servs. of Oklahoma, Inc.*, 2006 OK CIV APP 17, ¶ 8, 130 P.3d 761, 763–64. In this instance, Defendant summarily argues statements of fact which are not contained in the pleadings as part of its argument, but fails to provide evidentiary support for such statements. For example, Defendant contends Ms. Bointy's speech was part of her job duties but her job description is not in evidence; Defendant contends the information Ms. Bointy shared is confidential but there is no evidence of that; Defendant contends that there was an unspecified matter pending within Ms. Bointy's agency, but there is no evidence of this, either. As a result, Defendant effectively seeks summary judgment on this matter without proper evidentiary support.[1] Defendant's motion must be denied on this basis alone. As a matter of caution, however, Plaintiff will further address Defendant's arguments.

### IV. – MS. BOINTY'S *BURK* TORT CLAIM IS ADEQUATEY PLED

Defendant contends Ms. Bointy's *Burk* tort claim must be dismissed as alternative remedies are available under § 1983 and under the Civil Service and Human Capital Modernization Act. More specifically, Defendant contends Ms. Bointy did not specifically plead that there were

---

[1] Although Defendant may file a motion for summary judgment at any time, such a filing must comply with Rule 13 of the Rules for the District Courts, which requires submission of evidence with the motion. Thus, Defendant's motion is also defective if converted to a motion for summary judgment.

no alternative causes of action. Mtn. p. 2. However, in making this argument, Defendant misstates the pleading requirements for all plaintiffs. Plaintiffs are not required to plead all elements of a cause of action (or even to identify their cause of action in the pleading), but merely to make a short and plain statement of their claims.

"Notice pleading does not require pleading every fact upon which a claim is based, but merely a short and plain statement of the claim that will give fair notice of what the plaintiff's claim is and the grounds upon which it rests." *State ex rel. Okla. Corp. Comm'n v. McPherson*, 2010 OK 31, ¶25, 232 P.3d 458, 464-65. *Cf. Bettis v. Brown*, 1991 OK CIV APP 93, 819 P.2d 1381, 1382 ("The Oklahoma Pleading Code does not require a plaintiff to set out in detail the facts upon which the claim is based."). "[N]otice pleading recognize[s] that discovery, pretrial conferences, and summary judgments are more effective methods of performing the functions of disclosing the factual and legal issues in dispute, pretrial planning, and disposing of frivolous or unfounded claims and defenses which historically were performed by the pleadings." *Wall v. Marouk*, 2013 OK 36, ¶8, 302 P.3d 775, 780.

Indeed, the pleading standard does not require a plaintiff to identify a legal theory, and certainly does not require pleading of every element of her claim:

> **The Oklahoma Pleading Code, 12 O.S. Supp. 1984 § 2001, et seq., does not require a plaintiff to set out in detail the facts upon which the claim is based.** . . Title 12 O.S. Supp. 1984 § 2008(F) provides that pleadings shall be construed to do substantial justice. In assessing the sufficiency of the petition, the general rule is that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief.

*Niemeyer v. United States Fid. & Guar. Co.*, 1990 OK 32, 789 P.2d 1318, 1320-21 (emphasis supplied). Thus, Defendant's recitation of a specific element of the *Burk* tort which Ms. Bointy did not plead does not foreclose her *Burk* claim. The cases cited by Defendant in support of this

argument do not support dismissal, either. In *Kruchowski v. Weyerhaeuser Co.*, 2008 OK 105, as corrected (Dec. 19, 2008), as corrected (Feb. 11, 2009), the Court did not apply the standard of a motion to dismiss, as it is an answer to certified questions. *Wittmer v. Thomason*, No. CIV-18-403-SPS, 2021 WL 849981, at *1 (E.D. Okla. Feb. 26, 2021), appeal dismissed, No. 21-7011, 2021 WL 4467552 (10th Cir. May 26, 2021), is non-precedential and disposed of on summary judgment. Defendant has provided no authority that Plaintiff must, at the pleadings stage, establish there are no alternative remedy. As such, Defendant's motion on this basis is unsupported and must be overruled.

In the event this Court disagrees, Defendant's argument as to this element of the *Burk* tort is still flawed. The element of the claims cited by Defendant is the fifth, requiring that "no statutory remedy exists that is adequate to protect the Oklahoma policy goal." *Kruchowski v. Weyerhaeuser Co.*, 2008 OK 105, ¶24, P.3d 151-52 (quoting *Vasek v. Bd of Cnty Com'rs*, 2008 OK 35, ¶¶27-28, 186 P.3d 928). Thus, the question is not exclusively whether another statute exists on point, but whether such statute protects the public policy goal at issue. See also Moore v. Warr Acres Nursing Ctr., LLC, 2016 OK 28, ¶¶ 18-20 ("In Vasek, we equated "adequacy" of remedies with "sufficiency," in other words: Were the remedies available to the plaintiff sufficient to protect Oklahoma's public policy goals?"). Here, the goal is free speech protections for government employees, and protection from government overreach embodied in Oklahoma's Constitution (as well as the First Amendment of the United States Constitution), whose stated purpose is "to secure and perpetuate the blessing of liberty; to secure just and rightful government; to promote our mutual welfare and happiness. . ." Okla. Const. PREAMBLE. "The constitutional freedom of expression and discussion, if it is to fulfill its historic function, must embrace all issues about which information is needed (or appropriate) to enable the members of society to cope with the

exigencies of their time." ***Gaylord Ent. Co. v. Thompson***, 1998 OK 30, ¶ 15.

Next, and contrary to Defendant's arguments, the Oklahoma Supreme Court has held that the availability of a § 1983 action for free speech does not foreclose the ***Burk*** cause of action:

> The question is not, and never has been, merely whether a discharged at-will employee could possibly pursue a statutory remedy. The question is whether "a statutory remedy exists that is sufficient to protect the Oklahoma public policy goal." **McCrady**, 2005 OK 67, ¶ 9, 122 P.3d at 475. Under Employer's view, *every* whistleblower ***Burk*** claim would be barred by the potential for a section 1983 remedy based on the whistleblower's right of free speech.

***Vasek v. Bd. of Cnty. Comm'rs of Noble Cnty.***, 2008 OK 35, ¶ 27, 186 P.3d 928, 934. While ultimately it is Ms. Bointy's burden to establish that "no statutory remedy exists that is adequate to protect the Oklahoma policy goal," there is certainly no requirement that Ms. Bointy plead specific facts in the petition to this effect. To the extent this Court disagrees and believes pleading of the specific public policy in issue is required, Ms. Bointy would request leave to amend her petition to provide it.

Defendant additionally contends that the remedies of the Civil Service and Human Capital Modernization Act ("HCMA") are sufficient to protect the public policy goal of protecting free speech. Mtn. p. 2, referencing 62 O.S. § 34.301. However, such act is silent as to any enforcement of public policy in the State of Oklahoma and is therefore insufficient to protect the policy goals, and preventing Ms. Bointy's claim based upon this statute would violate the Oklahoma Constitution's requirement for "uniform" remedies throughout a class.

The remedies provided by the administrative guidance under those rules, OAC 260:130-1-1, *et seq.* provide only for reinstatement of employees, potential backpay losses, and attorney's fees and costs. However, the Oklahoma Supreme Court in ***Tate v. Browning-Ferris, Inc.*** 1992 OK 72, reiterated that, "termination of an at-will employee, which contravenes a clear mandate of public policy is a *tortious breach of contractual obligations, compensable in damages.*" ***Id.*** at ¶ 9.

Thus, employees of all kinds are entitled to tort remedies if fired contrary to Oklahoma's public policies. But, tort remedies available under *Burk* are not fully available under the HCMA, as such remedies additionally include (at least) any applicable front pay, emotional distress-type damages, and interest. 23 O.S. §§ 3, 5, 61; *TK-7 Corp. v. Est. of Barbouti*, 993 F.2d 722, 725 (10th Cir. 1993); *Dean v. Chapman*, 1976 OK 153; *see also* OUJI CIV2d 21.11 (allowing both future wage loss and emotional distress damages).

Defendant insists, however, that state employees are only entitled to process through the HCMA. Requiring this process for such employees without alternative would, however, also restrict their remedies and single out state employees for differential treatment under the law in violation of Art. 5 § 46 of Oklahoma's Constitution, which, "mandates in absolute terms statewide procedural uniformity for an entire class of similarly situated persons or things as well as uniformity for regulating affairs of counties. The cited constitutional provision proscribes "special" laws that single out for different treatment less than an entire class of similarly situated persons or entities." *State ex rel. Macy v. Bd. of Cnty. Comm'rs of Cnty. of Oklahoma*, 1999 OK 53, ¶ 14. The Oklahoma Supreme Court has repeatedly rejected creation of classes of victims under *Burk* absent clear statement of intent by the legislature, in the discrimination context. *See Collier v. Insignia Financial Group*, 1999 OK 49, 981 P.2d 321, 326; *Saint v. Data Exchange, Incorporated*, 2006 OK 59; *Zeier v. Zimmer, Inc.*, 2006 OK 98, ¶ 14, & n. 24. As in each of those cases, distinguishing victims of wrongful termination because they are employees of the state from all other victims of wrongful termination creates a subclass of remedies available to those individuals. As such, interpreting the HCMA to exclude the availability of a *Burk* tort for state employees violates the Oklahoma Constitution. Defendant's argument on this point must be rejected.

Finally, Oklahoma's pleading code specifically authorizes the pleading of alternative legal theories. 12 O.S. § 2008(E). Ms. Bointy is entitled to plead these alternative causes of action, and pursue either as appropriate over the course of litigation. Each cause of action utilizes differing legal standards, and should this Court determine one cause of action should be dismissed, the alternative may remain appropriate. Thus, Defendant's motion to dismiss Ms. Bointy's *Burk* tort claim must be denied at this stage.

### V. – MS. BOINTY'S FREE SPEECH CLAIMS ARE SOUND

"A public employer may not condition employment or its incidents upon an employee's relinquishment of his or her First Amendment rights." *Woodward v. City of Worland*, 977 F.2d 1392, 1403 (10th Cir.1992). "The [Supreme] Court has made clear that public employees do not surrender all their First Amendment rights by reason of their employment. Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417, 126 S. Ct. 1951, 1957 (2006).

> So long as employees are speaking as citizens about matters of public concern, they must face only those speech restrictions that are necessary for their employers to operate efficiently and effectively. See, e.g., Connick, supra, at 147, 103 S.Ct. 1684 ("Our responsibility is to ensure that citizens are not deprived of fundamental rights by virtue of working for the government").

*Id.* at 419.

An employee who has been subjected to retaliation for having exercised her First Amendment Rights is entitled to protection in accordance with a balancing test announced in *Pickering v. Board of Ed.*, 391 U.S. 563 (1968) and refined in *Connick v. Myers*, 461 U.S. 138 (1983). In *Melton v. City of Oklahoma City*, 879 F.2d 706, 713 (10th Cir. 1989) *modified on other grounds* 928 F.2d 920 (10th Cir. 1991) the Tenth Circuit summarized that test as follows:

> ". . .The court's inquiry is a multi-step process. First, the court must determine whether a public employee's speech touches upon a matter of public concern. ***Connick,*** 461 U.S. 138, 103 S.Ct. 1684. Second, if the statement satisfies the public concern inquiry, the court must then balance the interests of the employee against the public employer's interest in the effective and efficient fulfillment of its responsibilities to the public. ***Pickering v. Board of Ed.,*** 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968). Third, assuming that both previous elements have been found in favor of the plaintiff, he or she must then prove that the protected speech 'was a "motivating factor" in the detrimental employment decision.' ***Mt. Healthy City School Dist. v. Doyle,*** 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977). Fourth and finally, if plaintiff makes this showing, the burden then shifts to the employer to show by a preponderance of the evidence that it would have reached the same decision in the absence of the protected activity. ***Id.*** . ."

Here, Defendant sought to retaliate for Ms. Bointy's free speech as a parent in a public forum on a matter of grave public concern. Employers do not own their employees all of the time, and the government does not get to restrict all statements made by employees in their lives. A long history of First Amendment authority makes clear that employees do not altogether relinquish their free speech protections, and that it is this Court's duty to weigh the interest of the government against the interest of the public in the information conveyed. Defendant urges this Court to summarily dismiss Ms. Bointy's claims without a full opportunity to be heard, and with a legal analysis which misapplies the appropriate tests. Defendant must be held responsible for its actions, and its motion must be denied.

Because Defendant's arguments address only the first and third factors of the ***Garcetti/Pickering*** test, Ms. Bointy addresses only those factors.

### A. – Ms. Bointy did not Speak in her Official Capacity

The first factor identified by Defendant is that Ms. Bointy must have been speaking in her official capacity because of the content of her speech; which is an incorrect statement of the law, and even if accurate, lacks the requisite factual basis to support the conclusion.

The statements Ms. Bointy made are not in dispute; it is only the interpretation of those statements. As explained by the United States Supreme Court, Ms. Bointy speaking *about* work is not the end of the inquiry, as urged by Defendant.

> The question under ***Garcetti*** is not whether the speech was made during the employee's work hours, or whether it concerned the subject matter of his employment. *See id.* at 421. Merely because an employee's speech was made ***at*** work and ***about*** work does not necessarily remove that employee's speech from the ambit of constitutional protection. *See **Brammer-Hoelter***, 492 F.3d at 1204. Rather, it is whether the speech was made pursuant to the employee's job duties or, in other words, whether the speech was 'commissioned' by the employer. ***Garcetti***, 547 U.S. at 421-22.

***Thomas v. City of Blanchard***, 2008 U.S. App. LEXIS 24498, 11-12 (10th Cir. Okla. Dec. 3, 2008) (emphasis by the Court). Although courts take a broad view of what constitutes speech made pursuant to official duties, the framework for analysis is a "practical" approach, and essentially boils down to, "asking generally if 'it involves the type of activities that the employee was paid to do.'" ***Trant v. Oklahoma***, 426 F. App'x 653, 659 (10th Cir. 2011), ***quoting Chavez–Rodriguez v. City of Santa Fe***, 596 F.3d 708, 713 (10th Cir. 2010). The ***Garcetti*** Court discussed the scope of employment issue as follows:

> the First Amendment interests at stake extend beyond the individual speaker. The Court has acknowledged the importance of promoting the public's interest in receiving the well-informed views of government employees engaging in civic discussion. ***Pickering*** again provides an instructive example. The Court characterized its holding as rejecting the attempt of school administrators to 'limi[t] teachers' opportunities to contribute to public debate.' 391 U.S., at 573, 88 S.Ct. 1731. It also noted that teachers are 'the members of a community most likely to have informed and definite opinions' about school expenditures. *Id.*, at 572, 88 S.Ct. 1731. The Court's approach acknowledged the necessity for informed, vibrant dialogue in a democratic society.

***Garcetti***, 547 U.S. at 419. Thus, the inquiry does not end because information relayed touches on employment-related matters; it begins there. The question before this Court is whether Ms. Bointy's job duties for Defendant, the activities she is paid for, included speaking at the Edmond

Public Schools board meeting, such that Defendant had a right to control her speech. There are no facts supporting this conclusion.

Consider the facts in *Trant*, wherein the employee was terminated after making several statements. In analyzing those statements, the Court held that statements within the scope of employment included internal reporting of misconduct, while Trant's stating he would be retaining his own attorneys for representation and would be reporting agency conduct to outside authorities were outside the scope of his employment, despite such information being learned *in* employment. *Trant, supra,* 426 F. App'x at 659-660. The Court further held that:

> There is nothing in the complaint to suggest that the CME's duties included reporting, to authorities such as the FBI, his suspicions of possible criminal wrongdoing and professional malfeasance in connection with the AG's investigation and resultant grand jury indictment of Mr. Rowland. Nor is there any indication of an independent legal obligation in this regard imposed on him specifically as a function of his position as CME. Under the cited case law, decided years before the events in this case, we must hold that the speech at issue triggered First Amendment protection and that defendants should have known it did.

*Trant*, 426 F. App'x at 660–61.[2] Similarly, in ***Thomas v. City of Blanchard***, 548 F.3d 1317, 1325 (10th Cir. 2008), the Court reached the same conclusion regarding similar facts.

Here, Defendant contends that Ms. Bointy's speech being about her work, and regarding knowledge she has in or out of work, is the end of the analysis. Not so. As pled in the petition, Ms. Bointy's job duties consisted of "facilitat[ing] grant work only with specific school districts: Ada, Checotah, and Atoka." ¶ 6.[3] Certainly, her job duties did not involve speaking at public meetings on behalf of the agency in Edmond, Oklahoma, and Defendant has provided no evidence of this

---

[2] This contrasts with *Garcetti*, where the Court found non-protected speech because the employee's job duties included supervising attorneys, investigating charges, and preparing filings and memoranda, including the one at issue in the case. *Id.* at 422-423.

[3] Of course, in a motion to dismiss, as facts pled by Plaintiff must be taken as true. ***Great Plains Fed. Sav. & Loan Ass'n v. Dabney***, 1993 OK 4, fn. 3.

for the Court to evaluate. Defendant has provided no evidence of what Ms. Bointy's job position and duties were, nor what Defendant "commissioned" her to do. As such, Defendant's motion on this issue is premature, and the parties must be allowed to engage in discovery such that proper facts may be established.[4] At the very least, Defendant's motion on this matter must be denied, as Ms. Bointy's pleadings must be taken as true, and as stated at ¶¶ 6, 15, Ms. Bointy was not speaking on behalf of Defendant, and her speech was no part of her job duties. Certainly, there is no evidence that Defendant commissioned her to make this speech such that her comments were in her official capacity. Thus, Defendant's motion to dismiss on this basis must be denied.

### B. – Ms. Bointy's Statements did not Affect Defendant's Interests

Defendant summarily argues that because Ms. Bointy allegedly gained knowledge of the subject matter of her speech through her employment, the government's interests in promoting efficiency of the public service outweigh her free speech interests. This argument lacks support.

"A government entity has broader discretion to restrict speech when it acts in its role as employer, but the restrictions it imposes must be directed at speech that has some potential to affect the entity's operations." ***Garcetti, supra***, 547 U.S. at 418.

> For purposes of the third prong, the question is . . . whether the government's legitimate interests provide a sufficient justification for controlling the plaintiff's message. As we explained in ***Cragg v. Osawatomie***, 143 F.3d 1343, 1346 (10th Cir. 1998), the ***Pickering*** analysis "requires us to ask whether [the employer] has an efficiency interest which would justify it *in restricting the particular speech at issue*."

***Thomas v. City of Blanchard***, 548 F.3d 1317, 1327 (10th Cir. 2008) (emphasis by the court). It is Defendant's burden to establish its interest(s) in the speech to allow the Court to balance such

---

[4] Defendant summarily misapplies ***Dixon v. Kirkpatrick***, 533 F.3d 1294, 1302 (10th Cir. 2009) to state that because a matter is a question of law, a determination may be made without factfinding. Such statement does not mean that evidence and facts are unnecessary to the determination, and many requisite facts are lacking here.

interests against Ms. Bointy's free speech protections. ***Connick v. Myers***, 461 U.S. 138, 150, 103 S. Ct. 1684, 1692, 75 L. Ed. 2d 708 (1983) ("the state's burden in justifying a particular discharge varies depending upon the nature of the employee's expression. Although such particularized balancing is difficult, the courts must reach the most appropriate possible balance of the competing interests."). Indeed, "[v]igilance is necessary to ensure that public employers do not use authority over employees to silence discourse, not because it hampers public functions but simply because superiors disagree with the content of employees' speech." ***Cragg v. City of Osawatomie, Kan.***, 143 F.3d 1343, 1346 (10th Cir. 1998) (quoting ***Rankin v. McPherson***, 483 U.S. 378, 384 (1987)).

> "In performing the balancing, the statement will not be considered in a vacuum; the manner, time, and place of the employee's expression are relevant, as is the context in which the dispute arose. . . We have previously recognized as pertinent considerations whether the statement impairs discipline by superiors or harmony among co-workers, has a detrimental impact on close working relationships for which personal loyalty and confidence are necessary, or impedes the performance of the speaker's duties or interferes with the regular operation of the enterprise.

***Rankin v. McPherson***, 483 U.S. 378, 388 (1987). Here, none of those factors are implicated.

Indeed, the state has offered no facts to balance this equation. Given that the facts pled in the petition must be taken as true, the importance of Ms. Bointy's speech clearly outweighs any possible (unestablished) burden on Defendant's operations. The uncontroverted facts of the pleadings are that: a student in the Edmond School District tragically passed away due to complications from attempted suicide (Petition, ¶ 8), Ms. Bointy spoke about the importance of mental health resources for students and gave ideas of how the school system could implement those during a speech at the school board meeting following this event (Petition, ¶¶ 9-10), and Defendant fired her for speaking at the meeting (Petition, ¶¶ 18-19). There are no facts illustrating any burden at all upon Defendant's operations, no facts relating to anything Ms. Bointy said as confidential, and no facts that her statements disrupted workplace relationships. Taking all of the

facts pled as true, this Court has no choice but to deny Defendant's motion. Indeed, the Supreme Court has specifically held in cases such as these, speech will generally be held protected: "Where, as here, an employee serves no confidential, policymaking, or public contact role, the danger to the agency's successful functioning from that employee's private speech is minimal." ***Rankin, supra,*** 483 U.S. at 390-91.[5]

Defendant summarily claims that there was some, unidentified matter "pending within [Ms. Bointy's] agency," but does not provide any factual support for this, as arguments of counsel are not evidence.

**RESPECTFULLY SUBMITTED THIS 6th DAY OF OCTOBER, 2023.**

Leah M. Roper, OBA #32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
leah@centerforemploymentlaw.com
ATTORNEY FOR PLAINTIFF

---

[5] Defendant summarily states that there was a "matter pending before [Ms. Bointy's] agency," but does not identify such matter(s) and provides no evidence. "Argument of counsel is not evidence." ***Young v. Station 27, Inc.***, 2017 OK 68, fn 5. Even if evidence were provided, it would not be properly considered in Defendant's motion to dismiss.

15

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument was: ( X ) mailed via U.S. Mail; ( ) certified, with return receipt requested; ( ) hand delivered; ( ) transmitted via facsimile; and/or ( ) e-mailed on this 6th day of October, 2023 to the following:

Bryan Cleveland
Oklahoma State Department of Education
2500 N Lincoln Blvd
Oklahoma City, OK 73105
Bryan.cleveland@sde.ok.gov
ATTORNEYS FOR DEFENDANTS STATE OF OKLAHOMA
AND RYAN WALTERS IN HIS OFFICIAL CAPACITY