FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT 2 6 2023

RICK WARREN
COURT CLERK
41

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

JANESSA BOINTY,

    *Plaintiff,*

v.

STATE OF OKLAHOMA ex rel.
OKLAHOMA STATE DEPARTMENT OF
EDUCATION,

    No. CJ-2023-5054

and

RYAN WALTERS, in his official capacity
as Superintendent of Public Instruction, and
in his individual capacity,

    *Defendants.*

## DEFENDANT RYAN WALTERS'S, IN HIS INDIVIDUAL CAPACITY, MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant Ryan Walters, in his individual capacity,[1] files this Motion to Dismiss and Brief in Support and would respectfully show as follows:

### ARGUMENT

A trial court may grant a motion to dismiss under § 2012(b)(6) "when it appears beyond doubt that the plaintiff cannot prove any set of facts which would entitle her to relief under the law." *Guilbeau v. Durant H.M.A., LLC*, 2023 OK 80, ¶7; O.S. tit. 12, § 2012 (West). Plaintiff has alleged claims for wrongful and retaliatory termination of employment in violation of the First Amendment of the U.S. Constitution and Oklahoma's Constitution through 42 U.S.C. 1983 and Oklahoma's *Burk* tort doctrine. Plaintiff's claims are subject to dismissal for the following reason:

---

[1] Separate counsel represents Defendant Walters in his official capacity as Superintendent of Public Instruction and has previously entered an appearance in this matter.

(1) Walters has qualified immunity with respect to Plaintiff's claim under Section 1983 because she has not and cannot show a violation of her First Amendment rights, and (2) she is an at-will employee who cannot plead a claim under the *Burk* tort doctrine.

### A.    Plaintiff's Section 1983 claim is subject to dismissal because Defendant Walters, in his individual capacity, is entitled to qualified immunity.

Qualified immunity clearly protects government officials sued in their individual capacity from civil damage liabilities. *Taylor v. Grisham*, 544 F. Supp. 3d 1191, 1202 (D.N.M. 2021). Qualified immunity recognizes the "need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).

Qualified immunity shields public officials from facing the burdens of litigation and is an immunity from suit, not simply a defense to a plaintiff's claims. *Buck v. Rhoades*, 598 F. Supp. 3d 1181, 1195 (N.D. Okla. 2022), citing *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1150 (10th Cir. 2006). Because qualified immunity is "an immunity from suit rather than a mere defense to liability…it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis deleted). The Supreme Court has determined that "resolving immunity questions at the earliest possible stage in litigation" is important. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

"When a defendant asserts a qualified immunity defense, the plaintiff bears the burden of showing that (1) the defendant violated a constitutional or statutory right, and (2) this right was clearly established at the time of the defendant's unlawful conduct. *Thompson v. Lengerich*, No. 22-1128, 2023 WL 2028961, at *2 (10th Cir. Feb. 16, 2023); *Cox v. Wilson*, 971 F.3d 1159, 1171 (10th Cir. 2020). The court may address these prongs in any order and may resolve a case on the

second prong alone if the plaintiff fails to show a right was clearly established. *Id.,* citing *Gutierrez v. Cobos,* 841 F.3d 895, 900 (10th Cir. 2016).

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Frasier v. Evans,* 992 F.3d 1003, 1014 (10th Cir. 2021), citing *City of Escondido v. Emmons,* —— U.S. ——, 139 S. Ct. 500, 503, 202 L.Ed.2d 455 (2019) (per curiam). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would [have understood] that what he is doing violates that right.'" *Id.,* citing *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011).

To make such a showing within Oklahoma, a "plaintiff must point to a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Callahan v. Unified Gov't of Wyandotte Cty.,* 806 F.3d 1022, 1027 (10th Cir. 2015). The precedent must establish the right in "the specific context of the case, not as a broad general proposition." *Frasier,* 992 F.3d at 1014.

Walters is entitled to qualified immunity because Plaintiff has failed to state a plausible claim for violation of her constitutional rights. Plaintiff alleges she was a former employee of the Oklahoma State Department of Education ("OSDE") and was terminated for comments she made during the March 6, 2023 meeting of Edmond Public Schools. (Pl.'s Petition, ¶¶ 5, 20). Plaintiff's pleading fails to demonstrate a First Amendment violation because Defendant Walters is entitled to qualified immunity because Plaintiff's claim does not survive legal scrutiny.

The test for determining whether Plaintiff was denied her constitutional rights by being terminated for speaking on matters of public concern is the *Pickering* test. *See Dixon v.*

*Kirkpatrick*, 553 F.3d 1294, 1301 (10th Cir. 2009). The test comprises five elements, called "prongs": (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct. *Id.*

Here, Plaintiff's claim fails because she has not pleaded facts sufficient to demonstrate the first prong of the *Pickering* test. Specifically, the communication made by Plaintiff was made pursuant to her official role as a government employee with OSDE, which is the first element a claimant must establish under the *Pickering* test.

The ultimate question under the first prong of this test is whether the employee speaks as a citizen or instead as a government employee—an individual acting in his or her professional capacity. *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1203 (10th Cir. 2007). The Tenth Circuit has "taken a broad view of the meaning of speech that is pursuant to an employee's official duties." *Knopf v. Williams*, 884 F.3d 939, 945 (10th Cir. 2018) (internal citations omitted). If the speech involves "the type of activities that [the employee] was paid to do," then it falls within the scope of an employee's duties. *Id.*

The speech central to Plaintiff's claim occurred at a school board meeting for Edmond Public Schools.[2] (Pl.'s Petition, ¶20). In her comments, Plaintiff identified herself as an employee

---

[2] *See* Defendants State of Oklahoma ex rel. Oklahoma State Department of Education and Ryan Walters, in his official capacity as Superintendent of Public Instruction's Motion to Dismiss and Brief in Support, p.3. The subject Board meeting is available for viewing at: https://www.youtube.com/watch?v=SGQbhcexNNE ("Board Meeting Video"). The Court may take judicial notice of such video. 12 O.S. § 2023(C); 12 O.S § 2202; *Independent School District #52 of Oklahoma City v. Hofmeister*, 2020 OK 56, ¶¶ 22-23.

of the OSDE and spoke about the Project AWARE grant, acknowledging the information she had obtained by way of her work for OSDE.[3] Specifically, Plaintiff references the "great news" she heard just that afternoon in the course of her OSDE employment that Edmond Public Schools would be applying for the Project AWARE grant.[4] Plaintiff went on to cite benefits students received under the grant, the deadline for applying for the "competitive grant," and practices implemented in school district that were already grant recipients.

The content of Plaintiff's speech during her comment at the board meeting indicates she was speaking in her capacity as a government employee. At the beginning of her board meeting comment, Plaintiff identified herself as an OSDE employee, cited information about Edmond Public Schools of which she was aware only by nature of her employment, and made suggestions to Edmond Public Schools given the information to which she was privy. Even though Plaintiff also identified herself as a mother, the entirety of her comments pertained to the knowledge she had gained through her employment and her suggestions to Edmond Public Schools premised upon such knowledge. As such, Plaintiff cannot meet the first prong of the *Pickering* test given that she was speaking in her official—and not personal—capacity. And, because Plaintiff has not established a violation of her constitutional rights, Walters is entitled to qualified immunity with respect to Plaintiff's claim.

**B.    Plaintiff's *Burk* tort claim is subject to dismissal because she is not an at-will employee.**

The *Burk* tort doctrine established by the Supreme Court of Oklahoma in 1989 allows at-will employees to bring actions for wrongful termination when such termination violates well-defined Oklahoma public policy. *Burk v. K-Mart Corp.*, 1989 OK 22, ¶ 17. Only a specific

---

[3] *See* Board Meeting Video, 25:53.
[4] *See* Board Meeting Video, 25:57.

Oklahoma court decision, state legislative or constitutional provision, or a provision in the federal constitution that prescribes a norm of conduct for the state can serve as a source of Oklahoma's public policy. *Darrow v. Integris Health, Inc.*, 2008 OK 1, ¶ 13.

"A viable *Burk* claim must allege (1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal." *Kruchowski v. Weyerhaeuser Co.*, 2008 OK 105, ¶ 24, as corrected (Dec. 19, 2008), as corrected (Feb. 11, 2009) (internal citations omitted).

Plaintiff's claim fails because she has not alleged she is an at-will employee. Indeed, Plaintiff is not an at-will employee. As such, Plaintiff fails to allege one of the essential elements for a *Burk* tort claim—an element she cannot cure simply by re-pleading.[5] She cannot maintain a *Burk* tort claim against Walters. Such claim is subject to dismissal accordingly.

## CONCLUSION AND PRAYER

Because Walters is entitled to qualified immunity from Plaintiff's claim under Section 1983 given that Plaintiff has not pleaded a violation of her constitutional rights and because Plaintiff's *Burk* tort claim is legally defective with no cure available to Plaintiff, this Court should dismiss Plaintiff's claims alleged against Walters in his individual capacity.

Respectfully submitted,

---

[5] Defendant's limited briefing is not intended to construe any concession that Plaintiff has met the other elements of the Burk tort doctrine, but rather to succinctly point out that Plaintiff's claim is clearly legally defective on one immediately determinable dispositive element.

**JACKSON WALKER L.L.P.**

1900 Broadway, Suite 1200
San Antonio, Texas 78215
(210) 978-7700
(210) 978-7790 - Fax

By: _____
      Julia W. Mann
      Oklahoma Bar #22790
      jmann@jw.com

**COUNSEL FOR DEFENDANT RYAN
WALTERS in His Individual Capacity**

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2023, the foregoing document was served on all counsel of record via a method approved under the applicable laws and rules of the State of Oklahoma.

Leah M. Roper                                        Via Certified Mail
The Center for Employment Law
1133 N. Portland Ave.
Oklahoma City, OK 73107

Bryan Cleveland
General Counsel
Oklahoma State Department of Education
2500 North Lincoln Boulevard
Oklahoma City, OK 73105

_____
Julia W. Mann
JACKSON WALKER LLP