## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

**JANESSA BOINTY**,

          Plaintiff,

v.

**STATE OF OKLAHOMA,** *ex rel*,
**OKLA. STATE DEPARTMENT OF
EDUCATION**, and

**RYAN WALTERS,** *in his official
capacity as Superintendent of Public
Instruction, and his individual capacity,*

       Defendants.

**Case No. CIV-23-1002-F**

## RESPONSE IN OPPOSITION TO DEFENDANT WALTERS' <u>MOTION TO DISMISS</u>

**COMES NOW THE PLAINTIFF**, Janessa Bointy, and in opposition to the Motion to Dismiss filed by Ryan Walters in his individual capacity, shows as follows:

### I. - BACKGROUND OF THE CASE

Ms. Bointy spoke at an Edmond Public Schools board meeting on the availability of mental health resources for public schools after a student tragically passed away due to complications of attempted suicide. Ms. Bointy's children attend school in the district, and Ms. Bointy felt compelled to speak after reading details of the situation from the family online, particularly given her history as a school counselor in the Edmond Public Schools system. Only three days later, Defendants terminated her employment citing her comments at the meeting as the basis for her termination. Defendants continue to assert that Ms.

Bointy had no personal right to speak at the meeting because she has knowledge in this area, including some gained because she works for the state.

Defendant Walters' motion to dismiss is hardly more than a rehashing of the State's prior motion to dismiss, which was properly rejected by the Honorable Judge Swinton. It is vital that Defendants' arguments be rejected. Under Defendants' arguments, any employee of the state could not speak publicly about any topic related to their employment. Such an interpretation clearly violates free speech protections of both the First Amendment of the United States Constitution and Oklahoma's Constitution. Employees of state agencies may, like any other employees, be restricted in their speech when speaking on behalf of their employers. But the State of Oklahoma and its elected officials does not own all speech made by employees, simply because those people work for them. Defendant's motion must be denied in full.

## II. - THE STANDARD FOR A MOTION TO DISMISS

To survive a motion to dismiss, the factual allegations in a complaint need only contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Christensen v. Park City Mun. Corp.,* 554 F.3d 1271, 1276 (10th Cir. 2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

> Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim'" in a complaint[.] * * * In *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506 (2002), we unanimously reversed the Court of Appeals for requiring employment discrimination plaintiffs to specifically allege the elements of a prima facie case of discrimination. We explained that 'the Federal Rules do not contain a heightened pleading standard for employment discrimination suits,' and a 'requirement of greater specificity for particular claims' must be obtained by amending the Federal Rules. *Id.,* at 515 (citing

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163 (1993)).

*Jones v. Bock,* 549 U.S. 199, 212-13 (2007). *Accord Skinner v. Switzer,* 562 U.S. 521 (2011) and *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir. 2012). All that is required in pleading are "sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Archuleta v. Wagner,* 523 F.3d 1278, 1283 (10th Cir. 2008).

The court should remember the difference between the pleading standard and a plaintiff's ultimate burden of proof. At the pleading stage, a plaintiff need only plead enough allegations of fact "to state a claim to relief that is plausible on its face." *Christensen,* 554 F.3d at 1276, *supra.* "[A]n employment discrimination complaint need not include such facts [establishing a prima facie case] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 (2002).

Nor must Plaintiff plead a prima facie case or meet any portion of her ultimate evidentiary burden. "The prima facie case under *McDonnell Douglas,* [] is an evidentiary standard, not a pleading requirement." *Id.* In this regard, "

> [t]his Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss. For instance, we have rejected the argument that a Title VII complaint requires greater 'particularity,' because this would 'too narrowly constrict the role of the pleadings.' *McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 283, n. 11, 49 L. Ed. 2d 493, 96 S. Ct. 2574 (1976). Consequently, the ordinary rules for assessing the sufficiency of a complaint apply.

*Swierkiewicz,* 534 U.S. at 511.

Nor is the likelihood of success a factor at the dismissal stage. "At this preliminary stage of the litigation the burden on the plaintiff is to plead, not prove, her claim." ***Musick v. Arvest Bank Operations, Inc.,*** 2005 U.S. Dist. LEXIS 44647, 6-7 (W.D. Okla. Oct. 14, 2005). Indeed, "[t]he basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion. . . rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits." ***Surowitz v. Hilton Hotels Corp.,*** 383 U.S. 363, 373 (U.S. 1966). Plaintiff need not prove her case within the complaint. ***Hathorn v. Sodexo, Inc.,*** 2013 U.S. Dist. LEXIS 142308 (W.D. Okla. Oct. 2, 2013) ("As case law teaches, a court must permit "a well-pleaded complaint. . . . [to] proceed even if. . . .actual proof of th[e] facts [as alleged] is improbable, and. . . .recovery is very remote and unlikely." ***Twombly***, 550 U.S. at 556 ***(quoting Scheuer v. Rhodes,*** 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974))."

Finally, it must be remembered that a defendant seeking dismissal has the burden "of proving that no set of facts exist in support of plaintiff's theory of recovery that would entitle it to relief." ***EEOC v. Earl Scheib of Kan., Inc.,*** 2000 U.S. Dist. LEXIS 4917, *9 (D. Kan. Mar. 15, 2000); ***accord Aguirre v. McCaw RRC Communications, Inc.,*** 923 F. Supp. 1431, 1434 (D. Kan. 1996). Defendant seeks dismissal of Plaintiff's claims, however Defendant's motion improperly focuses not on Plaintiff's pleading standard, but rather on Plaintiff's ultimate burden of proof in the case on each claim. This Court must not be distracted by this red herring. Defendant's motion must be denied.

### III. – DEFENDANT DOES NOT HAVE QUALIFIED IMMUNITY FROM THE FREE SPEECH CLAIM

Defendant Walters contends he is entitled to qualified immunity from Ms. Bointy's free speech claim, asserting that Ms. Bointy's speech was not protected; therefore, her termination was not illegal. Dkt. 8, p. 5-10. This nearly *ver batim* mirrors the argument that the honorable Judge Swinton of Oklahoma County rejected upon Defendant Walters' (in his official capacity) the State of Oklahoma's prior Motion to Dismiss.

Each of Defendant's arguments related to Ms. Bointy's § 1983 free speech claim are fact-specific inquiries which are not appropriate under the motion to dismiss framework. ***Bremer v. Ass'n of Flight Attendants***, 599 Fed. Appx. 844, 845 (10th Cir. 2015) ("[W]e 'are limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint.' ***Jojola v. Chavez***, 55 F.3d 488, 494 (10th Cir. 1995)."). In fact, Defendant's entire argument as to the § 1983 claim is evidence-based, encouraging the Court to draw facts and inferences from not only the pleadings but facts outside of the pleadings, for which it has affixed no additional evidence.[1]

"In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." ***Moore v. Diggins***, 633 F. App'x 672 (10th Cir. 2015), quoting ***Kay v. Bemis***, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted). In this instance, Defendant summarily argues

---

[1] For purposes of this brief, Plaintiff does not contend the court is unable to take notice of the speech itself; that is not the evidence to which Ms. Bointy refers.

statements of fact which are not contained in the pleadings as part of its argument, and fails to provide evidentiary support for such statements. For example, Defendant contends Ms. Bointy's speech was part of her job duties[2] but her job description is not in evidence – Ms. Bointy's pleadings state the opposite.[3] Defendant contends the information Ms. Bointy shared was learned in the course of her job duties,[4] but in fact Mr. Bointy's pleadings specifically state she learned the information she spoke about from publicly-available resources.[5] Defendant finally contends that because Ms. Bointy spoke about the availability of the federal grant to this school system, she was automatically speaking in her capacity as an OSDE employee.[6] Each of these allegations requires evidence to be submitted to this Court by Defendant, which it did not (and cannot as part of a motion to dismiss). As a result, Defendant effectively seeks summary judgment on this matter without proper evidentiary support.[7] Defendant's motion must be denied on this basis alone.[8] As a matter of caution, however, Plaintiff will further address Defendant's arguments.

---

[2] Def Mtn, Dkt. 8, p. 8, urging that her speech was part of the work she was typically paid to do.

[3] Petition, Dkt. 1-2, ¶ 6.

[4] Def Mtn, Dkt. 8, p. 9, contending Ms. Bointy learned news in the course of her employment – which is a false statement of what the citation states; Ms. Bointy *did not* state she learned information that afternoon "in the course of her OSDE employment" as falsely claimed by Defendant.

[5] Petition, Dkt. 1-2, ¶ 12.

[6] Def Mtn, Dkt. 8, p. 9, bullet point 3.

[7] Although Defendant may file a motion for summary judgment at any time, such a filing must comply with LCvR56.1, which requires submission of evidence with the motion. Thus, Defendant's motion is also defective if converted to a motion for summary judgment.

[8] Converting the motion to dismiss to a motion for summary judgment would be useless given these facts, as the evidence necessary to support Defendant's broad conclusions of the implications of Ms. Bointy's statements has not been submitted. Indeed, Ms. Bointy has not yet had any opportunity to gather her own evidence on these points.

## A. – Qualified Immunity does Not Apply

Defendant contends Ms. Bointy's claims against Mr. Walters individually fail solely because she has not "state[d] a plausible claim for violation of any of her constitutional rights." Dkt. 8, p. 5. The singular argument Defendant makes in support of this is the conclusory assertion that Ms. Bointy's speech was made "pursuant to her official [job] duties as an OSDE employee." *Id.* p. 6. However,

> The law has been clearly established since 1968 that public employees may not be discharged for speaking on matters of public concern, absent a showing that the government's interest in the efficiency of its operation outweighs the employee's interest in the speech. *Pickering,* 391 U.S. at 568, 88 S.Ct. at 1734-35; *Rankin,* 483 U.S. at 388, 107 S.Ct. at 2899; *Hom,* 81 F.3d at 974; *Moore,* 57 F.3d at 931. Because the law in this area was clearly established in March 1994, Defendants are not entitled to qualified immunity.

*Anderson v. McCotter*, 100 F.3d 723, 729 (10th Cir. 1996). "A public employer may not condition employment or its incidents upon an employee's relinquishment of his or her First Amendment rights." *Woodward v. City of Worland*, 977 F.2d 1392, 1403 (10th Cir.1992). "The [Supreme] Court has made clear that public employees do not surrender all their First Amendment rights by reason of their employment. Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417, 126 S. Ct. 1951, 1957 (2006).

> So long as employees are speaking as citizens about matters of public concern, they must face only those speech restrictions that are necessary for their employers to operate efficiently and effectively. *See, e.g., Connick*, supra, at 147, 103 S.Ct. 1684 ("Our responsibility is to ensure that citizens are not deprived of fundamental rights by virtue of working for the government").

*Id*. at 419.

"In assessing whether the right was clearly established, we ask whether the right was sufficiently clear that a reasonable government officer in the defendant's shoes would understand that what he or she did violated that right." ***Casey v. W. Las Vegas Indep. Sch. Dist.***, 473 F.3d 1323, 1327 (10th Cir. 2007). Notably, although ignored by Defendant in its brief, not *all* of Ms. Bointy's statements in her speech need to be protected, so long as those which are protected were part of the reasons for her firing. ***See Id.***, 473 F.3d at 1329-1334 (contrasting multiple statements). And, although Defendant has pointed out portions of Ms. Bointy's speech which it contends are not protected by the First Amendment, Defendant nowhere contends that *none* of her speech was protected, and the facts which this Court must take as true establish that at minimum, portions of her speech were protected. Defendant's motion should be denied on this basis alone; but, as a matter of caution, Plaintiff will further address Defendant's argument.

An employee who has been subjected to retaliation for having exercised her First Amendment Rights is entitled to protection in accordance with a balancing test announced in ***Pickering v. Board of Ed.,*** 391 U.S. 563 (1968) as refined by many cases over time. Here, Defendant sought to retaliate for Ms. Bointy's free speech as a parent in a public forum on a matter of grave public concern. Employers do not own their employees all of the time, and the government does not get to restrict all statements made by employees in their lives. A long history of First Amendment authority makes clear that employees do not altogether relinquish their free speech protections, and that it is this Court's duty to weigh the interest of the government against the interest of the public in the information conveyed.

Defendant urges this Court to summarily dismiss Ms. Bointy's claims without a full opportunity to be heard, and with a legal analysis which misapplies the appropriate tests. Defendant must be held responsible for its actions, and its motion must be denied.

Because Defendant's arguments address only the first factor of the ***Garcetti/Pickering*** test, whether Ms. Bointy was speaking in her official capacity on behalf of Defendant, Ms. Bointy addresses only this factor.

### B. – Ms. Bointy did not Speak in her Official Capacity

The first factor identified by Defendant is that Ms. Bointy must have been speaking in her official capacity because of the content of her speech; which is an incorrect statement of the law, and even if accurate, lacks the requisite factual basis to support the conclusion.

> [T]he "critical question under ***Garcetti*** is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." ***Knopf v. Williams***, 884 F.3d 939, 945 (10th Cir. 2018) (quoting ***Lane v. Franks***, 573 U.S. 228, 240 (2014)).

***Wright v. Kay Cnty. Just. Facilities Auth.***, No. 21-6009, 2023 WL 2822122, at *5 (10th Cir. Apr. 7, 2023). This is a highly fact-specific argument which, while technically a question of law for this Court to determine, requires submission of evidence and fact for this Court to asses. "[W]hen the employee's official duties are not . . . clearly delineated. . . the determination whether speech is protected involves a fact-intensive, 'practical' determination." ***Rohrbough v. Univ. of Colo. Hosp. Auth.***, No. 06-cv-00995-REB-MJW, 2006 U.S. Dist. LEXIS 82087, at *8 (D. Colo. Nov. 8, 2006) (citing ***Garcetti***). "'There are no bright line rules' in making this determination." ***Knopf v. Williams***, 884 F.3d 939, 945

(10th Cir. 2018) (Quoting **Chavez-Rodriguez v. City of Santa Fe,** 596 F.3d 708, 713 (10th

Cir. 2010)). In performing this analysis,

> Many facts may be relevant—the tasks in an employee's job description, the
> frequency with which an employee performs a task, the subject matter of the
> employee's speech, the recipient of the employee's speech, the legal
> obligation for the employee to speak—but no one fact is determinative. . .
> [The court] must 'take a practical view of all the facts and circumstances
> surrounding the speech and the employment relationship.' **Brammer-**
> **Hoelter,** 492 F.3d at 1204. Ultimately, we ask whether the employee was
> 'perform[ing] the task[] [they were] paid to perform' when they spoke. **Lane**,
> 134 S. Ct. at 2379. If so, the 'speech was therefore commissioned by his
> employer,' **Thomas v. City of Blanchard**, 548 F.3d 1317, 1323 (10th Cir.
> 2008), and it enjoys no First Amendment protection.

**Knopf,** 884 F.3d, at 945, 946.

First and foremost, this argument on its face is invalid under the pleadings which

this Court must take all inferences and facts from. Ms. Bointy specifically pled that (a) her

job duties never involved publicizing programs or outreach to non-grant receiving districts,

Dkt. 1-2, ¶ 6, and (b) her speech to the Edmond Public Schools Board of Education caused

her termination, and that Defendant claimed this speech was a violation of its policies. Dkt.

1-2, ¶¶ 18-20. Defendant has therefore admitted that Ms. Bointy's speech was not

commissioned by Defendants – it was actually performed in violation of Defendants'

policies. Defendant cannot now claim that it commissioned the speech which it also

contends was contrary to Ms. Bointy's job duties.

> [W]hen a public employee speaks in direct contravention to his supervisor's
> orders, that speech may often fall outside of the speaker's professional duties.
> Indeed, the fact that an employee is threatened or harassed by his superiors
> for engaging in a particular type of speech provides strong evidence that the
> act of speech was not, as a 'practical' matter, within the employee's job duties
> notwithstanding any suggestions to the contrary in the employee's formal job
> description.

*Dahlia v. Rodriguez*, 735 F.3d 1060, 1075 (9th Cir. 2013). Accord *Casey v. W. Las Vegas Indep. Sch. Dist*., 473 F.3d 1323, 1333–34 (10th Cir. 2007) ("It has long been established law in this circuit that when a public employee speaks as a citizen on matters of public concern to outside entities despite the absence of any job-related reason to do so, the employer may not take retaliatory action."). Indeed, in *Wright v. Kay County Justice Facilities Authority*, 2023 WL 2822122 *7, our Circuit weighed this principal and found protected speech of the employee because the employee, "went beyond her supervisors and reported to someone outside her chain of command about a matter which was not committed to her care." On this basis alone, Defendant's motion to dismiss should be denied.

To further address the Defendant's argument that Ms. Bointy's statements being about work make them unprotected: As explained by the United States Supreme Court, Ms. Bointy speaking *about* work is not the end of the inquiry, as urged by Defendant.

> The question under *Garcetti* is not whether the speech was made during the employee's work hours, or whether it concerned the subject matter of his employment. *See id*. at 421. Merely because an employee's speech was made *at* work and *about* work does not necessarily remove that employee's speech from the ambit of constitutional protection. *See Brammer-Hoelter*, 492 F.3d at 1204. Rather, it is whether the speech was made pursuant to the employee's job duties or, in other words, whether the speech was 'commissioned' by the employer. *Garcetti*, 547 U.S. at 421-22.

*Thomas v. City of Blanchard*, 2008 U.S. App. LEXIS 24498, 11-12 (10th Cir. Okla. Dec. 3, 2008) (emphasis by the Court). Although courts take a broad view of what constitutes speech made pursuant to official duties, the framework for analysis is a "practical" approach, and essentially boils down to, "asking generally if 'it involves the type of

activities that the employee was paid to do.'" ***Trant v. Oklahoma***, 426 F. App'x 653, 659 (10th Cir. 2011), ***quoting Chavez–Rodriguez v. City of Santa Fe,*** 596 F.3d 708, 713 (10th Cir. 2010). The ***Garcetti*** Court discussed the scope of employment issue as follows:

> the First Amendment interests at stake extend beyond the individual speaker. The Court has acknowledged the importance of promoting the public's interest in receiving the well-informed views of government employees engaging in civic discussion. ***Pickering*** again provides an instructive example. The Court characterized its holding as rejecting the attempt of school administrators to 'limi[t] teachers' opportunities to contribute to public debate.' 391 U.S., at 573, 88 S.Ct. 1731. It also noted that teachers are 'the members of a community most likely to have informed and definite opinions' about school expenditures. ***Id.,*** at 572, 88 S.Ct. 1731. The Court's approach acknowledged the necessity for informed, vibrant dialogue in a democratic society.

***Garcetti,*** 547 U.S. at 419. Thus, the inquiry does not end because information relayed touches on employment-related matters; it begins there. The question before this Court is whether Ms. Bointy's job duties for Defendant, the activities she is paid for, included speaking at the Edmond Public Schools board meeting, such that Defendant had a right to control her speech. There are no facts supporting this conclusion.

Consider the facts in ***Trant***, wherein the employee was terminated after making several statements. In analyzing those statements, the Court held that statements within the scope of employment included internal reporting of misconduct, while Trant's stating he would be retaining his own attorneys for representation and would be reporting agency conduct to outside authorities were outside the scope of his employment, despite such information being learned *in* employment. ***Trant, supra***, 426 F. App'x at 659-660. The Court further held that:

> There is nothing in the complaint to suggest that the CME's duties included reporting, to authorities such as the FBI, his suspicions of possible criminal wrongdoing and professional malfeasance in connection with the AG's investigation and resultant grand jury indictment of Mr. Rowland. Nor is there any indication of an independent legal obligation in this regard imposed on him specifically as a function of his position as CME. Under the cited case law, decided years before the events in this case, we must hold that the speech at issue triggered First Amendment protection and that defendants should have known it did.

*Trant*, 426 F. App'x at 660–61.[9] Similarly, in *Thomas v. City of Blanchard*, 548 F.3d 1317, 1325 (10th Cir. 2008), the Court reached the same conclusion regarding similar facts.

Here, Defendant contends that Ms. Bointy's speech being about her work, and regarding knowledge she has in or out of work, is the end of the analysis. Not so. As pled in the petition, Ms. Bointy's job duties consisted of "facilitat[ing] grant work only with specific school districts: Ada, Checotah, and Atoka." Dkt. 1-2, ¶ 6. Certainly, her job duties did not involve speaking at public meetings on behalf of the agency in Edmond, Oklahoma, and Defendant has provided no evidence of this for the Court to evaluate. Defendant has provided no evidence of what Ms. Bointy's job position and duties were, nor what Defendant "commissioned" her to do. As such, Defendant's motion on this issue is premature, and the parties must be allowed to engage in discovery such that proper facts may be established. At the very least, Defendant's motion on this matter must be denied, as Ms. Bointy's pleadings must be taken as true, and as stated at ¶¶ 6, 15, Ms. Bointy was not speaking on behalf of Defendant, and her speech was no part of her job duties.

---

[9] This contrasts with *Garcetti*, where the Court found non-protected speech because the employee's job duties included supervising attorneys, investigating charges, and preparing filings and memoranda, including the one at issue in the case. *Id.* at 422-423.

Certainly, there is no evidence that Defendant commissioned her to make this speech such that her comments were in her official capacity. Thus, Defendant's motion to dismiss on this basis must be denied.

### IV. – MS. BOINTY'S *BURK* TORT CLAIM IS ADEQUATEY PLED

Defendant contends Ms. Bointy's ***Burk*** tort claim must be dismissed because she is not an at will employee, or because she did not plead such fact. Respectfully, this is an incorrect statement factually and legally. First, Defendant has not cited a single legal authority to show that Ms. Bointy's job in civil service makes her anything other than an at-will employee, and Plaintiff is aware of none. As a result, Defendant's argument should be rejected without consideration. A "court need not consider. . . arguments [when a party] fails to support them with any authority," ***Rodriguez v. IBP, Inc***., 243 F.3d 1221, 1230 n. 6 (10th Cir. 2001), because such failure "suggests either that there is no authority to sustain its position or that it expects the court to do its own research." ***Rapid Transit Lines, Inc. v. Wichita Developers, Inc.,*** 435 F.2d 850, 852 (10th Cir. 1970).

Secondly, Defendant's argument would require a heightened pleading standard for plaintiff asserting a ***Burk*** tort cause of action compared to all other actions; namely, requiring her to plead every single element of her claims, as opposed to notice pleading. ***Swierkiewicz, supra,*** 534 U.S. at 508; Fed.R.Civ.P. 8. "The complaint must plead sufficient facts, taken as true, to provide "plausible grounds" that discovery will reveal evidence to support the plaintiff's allegations." ***Archuleta v. Wagner***, 523 F.3d 1278, 1283 (10th Cir. Colo. 2008). Hyper technical pleading requirements of every element of the ***Burk*** tort claim is not required generally; however, to the extent this Court agrees, Plaintiff would request

the opportunity to amend her petition to plead the fact that she was at all time an at will employee of Defendant.

Finally, because this is a fact-based issue which should only be decided on summary judgment, in the event this Court considers Defendant's argument any further, Plaintiff must respond by incorporating Plaintiff's offer of employment *from Defendant* which explicitly states that Ms. Bointy's employment is at will. Thus, Defendant's belated claims that Ms. Bointy's employment was somehow not at will is unsupported by both law and fact. Ex 1.  Thus, Defendant's motion to dismiss Plaintiff's ***Burk*** tort claim must be denied.

**RESPECTFULLY SUBMITTED THIS 4th DAY OF DECEMBER, 2023.**

*s/ Leah M. Roper*

Leah M. Roper, OBA #32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
leah@centerforemploymentlaw.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on December 4, 2023, a true and correct copy of the foregoing instrument was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Bryan Cleveland
Oklahoma State Department of Education
2500 N Lincoln Blvd
Oklahoma City, OK 73105
Bryan.cleveland@sde.ok.gov
ATTORNEYS FOR DEFENDANTS STATE OF OKLAHOMA
AND RYAN WALTERS IN HIS OFFICIAL CAPACITY

*And*

Scott M. McElhaney
Jackson Walker, LLP
2323 Ross Ave., Ste. 600
Dallas, TX 75201
Phone: 214-953-6147
Email: smcelhaney@jw.com
ATTORNEY FOR DEFENDANT RYAN WALTERS IN
HIS INDIVIDUAL CAPACITY

*s/ Leah M. Roper*