IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JANESSA BOINTY,

    *Plaintiff*,

v.

STATE OF OKLAHOMA ex rel. OKLAHOMA STATE DEPARTMENT OF EDUCATION,

    and

RYAN WALTERS, in his official capacity as Superintendent of Public Instruction, and in his individual capacity,

    *Defendants*.

Civil Action No. 5:23-01002-F

## DEFENDANT RYAN WALTERS, IN HIS INDIVIDUAL CAPACITY, REPLY <u>IN SUPPORT MOTION TO DISMISS PLAINTIFF'S PETITION</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Ryan Walters ("Walters") files this Reply in Support of his Motion to Dismiss Plaintiff's Petition (ECF No. 8) in which he moved to dismiss the claims asserted against him in his individual capacity[1] by Plaintiff Janessa Bointy ("Bointy" or "Plaintiff") in Plaintiff's Petition (ECF No. 1-2) ("Petition").

---

[1]     Separate counsel represents Walters in his official capacity as well as Defendant the State of Oklahoma ex rel. Oklahoma State Department of Education. The term "Defendant" as used herein refers to solely to Walters in his individual capacity.

## I. SUMMARY OF REPLY

In her Response to Defendant's Motion to Dismiss (ECF No. 10) ("Response"), Plaintiff urges this Court to allow her claim against Defendant in his individual capacity to proceed and survive the dismissal stage because according to Plaintiff, Defendant is asking this Court to find that the Oklahoma State Department of Education ("OSDE") "own[s] all speech made employees, simply because those people work for [the OSDE]." (Response, p.2). But this is not Walters' argument in the slightest. Overall, Plaintiff asserts that Walters cannot be entitled to qualified immunity because all of Defendant's arguments for such "are fact-specific inquires which are not appropriate under the motion to dismiss framework." (Response, p.5).

However, whether speech was made pursuant to an employee's official duties may be determined as a matter of law. *Cramer v. Oklahoma Cnty. Bd. of Cnty. Commissioners*, CV-18-179-W, 2018 WL 8966815, at *4 (W.D. Okla. May 30, 2018) (citing *Knopf v. Williams*, 884 F.3d 939, 945 (10th Cir. 2018)). Moreover, Plaintiff's communication regarding government business—specifically, regarding her role in government employment—is a communication made pursuant to her official duties as a state employee given Tenth Circuit precedent analyzing analogous scenarios.

Further, Plaintiff attempts to improperly introduce evidence in support of her deficient *Burk* tort claim by attaching evidence to her Response to Walters' Motion to Dismiss. Plaintiff, a (former) public employee whose rights and remedies regarding allegedly discriminatory and retaliatory employment actions are set out by the Oklahoma Legislature, has not properly pleaded a *Burk* tort claim in her live pleading.

As such, Plaintiff's arguments are not persuasive. Therefore, Walters is entitled to qualified immunity given Plaintiff's failure to state a clear violation of her constitutional rights. Defendant re-urges the Court to dismiss the claims brought against him in his individual capacity in Plaintiff's Petition.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff has failed to state a claim for a violation of her constitutional rights under the First Amendment.

Plaintiff cannot demonstrate that she was denied her constitutional rights because she has not pleaded facts showing the first element of such determination under the *Pickering/Garcetti* test. Namely, Plaintiff's allegations show that her speech was made pursuant to her official duties, therefore causing her speech to fall outside the realm of supporting an actionable constitutional claim under the First Amendment.

Plaintiff's Response focuses on urging the Court that such issues are fact questions—yet the Tenth Circuit often resolves this first element of the *Pickering/Garcetti* test as questions of law. *Trant v. Oklahoma*, 754 F.3d 1158, 1165 (10th Cir. 2014).

#### 1. Plaintiff communicated pursuant to her official duties in the OSDE when speaking at the Edmond Public Schools board meeting.

In her Response, Plaintiff's ultimate assertion is that "[e]ach of Defendant's arguments related to Ms. Bointy's § 1983 free speech claim are fact-specific inquiries which are not appropriate under the motion to dismiss framework." (Response, p.5). However, this first prong—whether speech was made pursuant to an employee's official

duties—is often determined as a matter of law within the Tenth Circuit. *Seifert v. Unified Gov't of Wyandotte Cnty./Kansas City*, 779 F.3d 1141, 1151 (10th Cir. 2015).

If a public employee speaks "pursuant to [his or her] official duties," the Supreme Court has found the Free Speech Clause will generally not shield the individual from the governmental employer's control and discipline. *Willey v. Sweetwater Cnty. Sch. Dist.*, No. 23-CV-069-SWS, 2023 WL 4297186, at *21 (D. Wyo. June 30, 2023), citing *Garcetti v. Cellabos*, 547 U.S. 410, 421 (2006); *see also Wright v. Kay Cnty. Justice Facilities Auth.*, No. 21-6009, 2023 WL 2822122, at *4 (10th Cir. Apr. 7, 2023).

In the Tenth Circuit, "speech is made pursuant to official duties if it is generally consistent with 'the type of activities [the employee] was paid to do.'" *Wright*, 2023 WL 2822122, at *5, citing *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1203 (10th Cir. 2007) (alteration in original). In her Response, Plaintiff asserts Defendant's argument amounts to asking her to "surrender all of her First Amendment rights by reason of [her] employment." (Response, p.7). Plaintiff further asserts that Defendant's actions reflect its intent to "own [its] employees all of the time, and . . . "to restrict all statements made by employees in their lives." (Response, p.8).

Plaintiff misrepresents Defendant's argument regarding the first element under the *Pickering/Garcetti* test. She claims that because she pled that "her job duties never involved publicizing programs or outreach to non-grant receiving districts" and because her speech at the Edmond Public Schools board meeting was outreach to a non-grant receiving district, such speech cannot be made pursuant to her official duties. (Response,

p.10). However, whether public speech was part of the employee's formal duties is not itself dispositive. *See Lincoln v. Maketa*, 880 F.3d 533, 539 (10th Cir. 2018).

Plaintiff's speech is available for this Court's review given that the Court may take judicial notice of a government record at the motion to dismiss stage. (Motion to Dismiss, pp.6-7).[2] The precise words of Plaintiff's speech reveal that Defendant is not asking this Court to dismiss Plaintiff's § 1983 claim by "summarily argu[ing] statements of fact which are not contained in the pleadings as part of its argument." Walters has pointed this Court to the best evidence underlying his arguments—Plaintiff's exact words. Any references by Plaintiff to the characterizations made in her Petition should be disregarded accordingly in light of the fact that this Court may examine Plaintiff's precise speech.

Additionally, examination of Plaintiff's comments at the Edmond Public Schools board meeting shows that Plaintiff's speech cannot be construed in any way other than comments made in her capacity as a government employee, as evidenced by Plaintiff's introduction of herself in her specific role working with the Project AWARE grant, citing information she had learned by way of her role in working on the Project AWARE grant, and providing statistics and other data encouraging Edmond Public Schools in working to become a grant recipient. (*See* Motion to Dismiss, p.9). While Plaintiff attempts to hide behind the assertion that such statements were not strictly in line with her specific duties as an OSDE employee, her speech simply cannot be construed in any way other than one based on the work she performed for OSDE.

---

[2] Plaintiff does not dispute this. *See* Response, Note 1.

There are no "bright line rules" in determining whether speech falls within the scope of an employee's duties. *Glenn v. City of Florence*, 22-CV-02244-PAB-MDB, 2023 WL 7003417, at *3 (D. Colo. Oct. 23, 2023) (citing *Knopf*, 884 F.3d at 945). Despite Plaintiff's arguments to the contrary, the employee's job description is not dispositive in determining whether the subject speech was within the employee's duties. *Id.* (citing *Knopf*, 884 F.3d at 945-46); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1203 (10th Cir. 2007).

Instead of examining a formal job description as Plaintiff asserts this Court should wait and do at a later stage in the litigation, courts in the Tenth Circuit "have 'taken a case-by-case approach, looking both to the content of the speech, as well as the employee's chosen audience, to determine whether the speech is made pursuant to an employee's official duties.'" *Wright v. Kay Cnty. Justice Facilities Auth.*, 21-6009, 2023 WL 2822122, at *5 (10th Cir. Apr. 7, 2023) (citing *Rohrbough v. Univ. of Colo. Hosp. Auth.*, 596 F.3d 741, 746 (10th Cir. 2010)). Here, acknowledging that Plaintiff is a former employee of the OSDE who worked to publicize the Project AWARE grants, that Plaintiff was speaking at a public school board meeting, and that Plaintiff identified herself as an OSDE employee in that role and spoke specifically about the Project AWARE grants during her comments to the school board meeting is plenty to demonstrate to this Court that Plaintiff spoke pursuant to her official duties at the Edmond Public Schools board meeting.

As such, Plaintiff has failed to state a claim for a violation of her First Amendment rights given her failure to establish speech made outside her official duties. Walters is entitled to qualified immunity accordingly.

### B. Plaintiff's *Burk* tort claim has not been adequately pled.

The elements of a viable *Burk* tort claim are clear: (1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy exists that is adequate to protect the Oklahoma policy goal." *Kruchowski v. Weyerhaeuser Co.*, 2008 OK 105, ¶ 24, as corrected (Dec. 19, 2008), as corrected (Feb. 11, 2009) (internal citations omitted) (emphasis added).

As an employee of the OSDE, Plaintiff's rights and remedies regarding her employment are defined by the Oklahoma Legislature. For instance, the Legislature's amendment of the OADA abolished common law *Burk* tort claims for discrimination and retaliation. *See Potts v. Am. Castings*, LLC, 20-CV-00243-GKF-CDL, 2021 WL 328537, at *5 (N.D. Okla. Feb. 1, 2021) (citing *Hall v. David H. Elliot Co.*, No. 11-CV-0746-CVE-TLW, 2012 WL 3583017, at *2 (N.D. Okla. Aug. 20, 2012)).

Further, Plaintiff's improper attempt to introduce evidence in support of her Response should be disregarded accordingly. At the motion to dismiss stage, the district court must limit its analysis to the pleaded facts and should not consider matters outside the complaint. *Gossett v. Barnhart*, 139 Fed. Appx. 24, 25 (10th Cir. 2005). While certain exceptions exist as to what the Court may consider at this stage (*see* Motion to Dismiss, p.7), documents attached by the plaintiff to a Response to a Motion to Dismiss are not included in those exceptions.

Therefore, because Plaintiff has not adequately pleaded a *Burk* tort claim, her claim should be dismissed accordingly.

## IV. CONCLUSION

Plaintiff's claims asserted against Walters in his individual capacity fail due to Walters' entitlement to qualified immunity given Plaintiff's failure to demonstrate a clear violation of her constitutional rights by Walters. Because Plaintiff cannot show that her comments at the Edmond Public Schools board meeting were made outside of her official duties, Plaintiff cannot show a violation of her constitutional rights under the First Amendment. As such, Walters is entitled to qualified immunity with respect to Plaintiff's § 1983 claim. Additionally, Plaintiff has not adequately pleaded a *Burk* tort claim in her live pleading. Legally defective claims should be dismissed under Rule 12(b)(6). Walters therefore requests this Court dismiss all claims asserted against him in his individual capacity.

Respectfully submitted,

*/s/ Timothy Davis*
Timothy Davis
Texas State Bar No. 24086142
Alexandra M. Williams
Texas State Bar No. 24107297
**JACKSON WALKER L.L.P.**
2100 Main St., Suite 2100
Fort Worth, TX 76102
(817) 334-7270 (phone)
(817) 334-7290 (fax)
Email: tdavis@jw.com
Email: amwilliams@jw.com

Scott M. McElhaney
Texas State Bar No. 00784555
**JACKSON WALKER L.L.P.**
2323 Ross Ave., Ste. 600
Dallas, Texas 75201
(214) 953-6147 (phone)
(214) 661-6672 (fax)
Email: smcelhaney@jw.com

**COUNSEL FOR DEFENDANT RYAN WALTERS, in his Individual Capacity**

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2023, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

/s/   Alexandra M. Williams