IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANESSA BOINTY,<br>    Plaintiff,<br><br>vs.<br><br>STATE OF OKLAHOMA, ex rel.,<br>THE OKLAHOMA STATE<br>DEPARTMENT OF EDUCATION, and<br>RYAN WALTERS, in his official capacity<br>as the Superintendent of Public Instruction<br>for the State of Oklahoma,<br>    Defendants. | )<br>)<br>)<br>)<br>)   Cause No.: CIV-23-1002-F<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' STATE OF OKLAHOMA, ex rel.,
OKLAHOMA STATE DEPARTMENT OF EDUCATION,
and RYAN WALTERS, in his official capacity as
Superintendent of Public Instruction,
MOTION FOR PROTECTIVE ORDER AND REQUEST FOR EXTENSION OF TIME
TO PROVIDE SUPPLEMENTARY RESPONSES TO PLAINTIFF'S OPENING
DISCOVERY AND MEMORANDUM IN SUPPORT**

**COME NOW** STATE OF OKLAHOMA, ex rel., OKLAHOMA STATE DEPARTMENT OF EDUCATION, and RYAN WALTERS, in his official capacity as Superintendent of Public Instruction, Defendants in this case, and submit this MOTION FOR PROTECTIVE ORDER AND ORDER COMPELLING PARTIES TO CONFER IN CREATING ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY PLAN AND GRANTING ADDITIONAL TIME FOR SUPPLEMENTARY RESPONSES TO PLAINTIFF'S OPENING DISCOVERY.

Defendants respectfully ask the Court to enter the proposed PROTECTIVE ORDER AND ORDER COMPELLING PARTIES TO CONFER IN CREATING ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY PLAN AND GRANTING ADDITIONAL TIME FOR SUPPLEMENTARY RESPONSES TO PLAINTIFF'S OPENING DISCOVERY attached hereto as EXHIBIT A.

## BACKGROUND

Prior to and following the status conference that the Court held in this matter, Defendants met and conferred with Plaintiff regarding the progress of discovery in this matter and basic agreements were reached regarding dates and discovery. However, upon receipt and review of Plaintiff's Opening Discovery Requests on June 28, 2024, Plaintiff's requests reach well beyond the anticipated scope of the discovery in relation to the alleged claims, requiring significant time and expenditure of resources, especially with regard to the collection, review, and supply of electronically stored information. To the degree reasonably possible, Defendants have responded to Plaintiff's Opening Discovery Requests. However, to the extent that these requests cannot be reasonably anticipated to reasonably support Plaintiff's allegations, Defendants object to these requests as overbroad and unduly burdensome and additionally request that the court grant additional time for further supplementary responses as Defendants and Plaintiff work toward a reasonably coordinated approach to the scope and method of collection and review for electronically stored information.

To further these efforts, Defendants obtained and provided to Plaintiff estimates from Deloitte for costs for different approaches to collection documents to manage the costs associated with eDiscovery in an attempt to reasonably balance costs in relation to the pending claims and alleged damages. While the parties have narrowed the issues in dispute, despite their best efforts they were unable to reach complete agreement. Consequently, Defendants now seek the courts assistance in narrowing the focus of discovery and ensuring the creation of a workable and productive ESI discovery plan so that this matter may move forward in the most efficient manner possible.

## ARGUMENT I

## SCOPE OF DISCOVERY

Pursuant to 26(b)(1), Fed.R.Civ.P. "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

## A. PERSONNEL RECORDS AND

## PERSONALLY IDENTIFIABLE INFORMATION

In the present matter, Plaintiff's PETITION alleges she was wrongfully terminated as a result of public speech. (EXHIBIT 1) She makes no allegations regarding wrongful termination of other individuals, personnel in the same job role she was, personnel who replaced her, or those involved in the decision to terminate her employment. Yet, Plaintiff makes multiple overbroad and unduly burdensome requests for information regarding the personnel records and personal information of such individuals, even including their year of birth, cell phone numbers, and last four digits of their social security numbers. Given the allegations set forth in Plaintiff's complaint, such interrogatories and requests for production are overbroad, not reasonably calculated to produce relevant information, and overburdensome and should not be allowed.

## B. TIME LIMITATION

Plaintiff's employment began on or around December 28, 2020 (EXHIBIT 2); however, Plaintiff's Opening Discovery Requests designate responses should be provided for the timeframe extending back five years prior to the filing of Plaintiff's complaint, initially filed in state court on September 1, 2023, requiring responses cover the time period dating back to September 1, 2018. This designated timeframe is overbroad, unduly burdensome, and not reasonably calculated to result in the production of relevant information and therefore should not be allowed. Defendants propose as an alternative timeframe the period dating back to three months prior to Plaintiff's start of employment, which would be September, 28, 2020, which should be sufficient to allow for collection of all information relevant to Plaintiff's hiring and any employment policies in places during her employment and any other similar information.

## C. SCOPE AND COST OF COLLECTION OF ELECTRONICALLY STORED INFORMATION

In all matters, the reasonable scope of and cost of collection of electronically stored information must be considered and weighed in relation to the claims and alleged damages. In the present matter, Plaintiff's Initial Disclosures describe the alleged damages as follows: "In total, through the currently-anticipated date of trial, we anticipate Ms. Bointy's lost wages will total $50,063.69, not including the value of lost benefits."

In an effort to facilitate a coordinated and cost-effective approach to collection and review of electronically stored information (ESI), Defendants obtained and provided to Plaintiff's counsel two estimates from Deloitte; Estimate 1 with costs ranging from $30,000 to $35,000 to support to support collection of documents as described in Plaintiff's Opening Discovery Requests and Estimate 2 with costs ranging from $2,735.47 - $4,070.09 for a more tailored approach supported

by Defendants identification of relevant record custodians. (EXHIBIT 3) Discussion between the parties followed; however, no agreement was reached and additional time is needed to reach an agreement to insure an ESI discovery approach is employed that balance the anticipated costs in relation to Plaintiff's alleged damages. Consequently, the Court's assistance in allowing additional time and directing the parties to confer to create such a plan is needed.

**RESPECTFULLY SUBMITTED THIS 29th DAY OF JULY, 2024.**

*/s/ Shannon D. Smith*
Shannon D. Smith OBA #17346
Deputy General Counsel
Oklahoma State Department of Education
2500 N. Lincoln Blvd.
Oklahoma City, OK 73105
Telephone: 405.764.5314
Shannon.Smith@sde.ok.gov
Attorney for Defendants Oklahoma State
Department of Education and Ryan
Walters, in his official capacity as
Superintendent of Public Instruction

CERTIFICATE OF SERVICE

A true copy of the foregoing was served on opposing counsel below-listed via U.S. Mail, postage pre-paid, and e-mail on this 29 day of July, 2024.

Leah M. Roper OBA #32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
Leah@CenterForEmploymentLaw.com
ATTORNEY FOR PLAINTIFF

Timothy Davis
Alexandra Marie Williams
Jackson Walker, LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102
(817) 334-7270
tdavis@jw.com
amwilliams@jw.com
Attorney for Defendant Ryan Walters, individually

/s/ Shannon D. Smith

Shannon D. Smith OBA #17346
Deputy General Counsel
Oklahoma State Department of Education
2500 N. Lincoln Blvd.
Oklahoma City, OK 73105
Telephone: 405.764.5314
Shannon.Smith@sde.ok.gov
Attorney for Defendants Oklahoma State
Department of Education and Ryan
Walters, in his official capacity as
Superintendent of Public Instruction

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANESSA BOINTY,<br>    Plaintiff,<br><br>vs.<br><br>STATE OF OKLAHOMA, ex rel.,<br>THE OKLAHOMA STATE<br>DEPARTMENT OF EDUCATION, and<br>RYAN WALTERS, in his official capacity<br>as the Superintendent of Public Instruction<br>for the State of Oklahoma,<br>    Defendants. | Cause No.: CIV-23-1002-F |

## **ORDER**

Defendants Oklahoma State Department of Education and Ryan Walters, in his official capacity, as Superintendent of Public Instruction, have moved pursuant to 26(b)(1) Fed. R. Civ. P., for a protective order limiting the scope of discovery and an order compelling the parties to confer and cooperate in establishing an electronically stored information (ESI) discovery plan and allowing additional time for supplementary responses to Plaintiff's Opening Discovery Requests. Upon due consideration of the parties' submissions, the court makes its determination.

The scope of discovery shall exclude the personnel records and unnecessary information of employees, other than the Plaintiff, of the Oklahoma State Department of Education. Additionally, the timeframe for discovery shall be limited to the time period beginning three (3) months prior to Plaintiff's first day of employment, effectively September 28, 2020, and extending to the filing date of Plaintiff's PETITION on September 1, 2023.

All parties are herby order to meet and confer to develop an electronically stored information (ESI) discovery plan to be filed with the court on or before August 15, 2024. Accordingly, Defendants are granted an extension of time to provide supplementary responses to

Plaintiff's Opening Discovery Requests until thirty (30) days following the filing of the ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY PLAN. Nothing in this order should be construed to limit the routine supplementary discovery responses that may be provided and/or required on an ongoing basis in accordance with the Federal Rules of Civil Procedure.

DATED this ____ day of _____, 2024.

 

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

CJ23 5054

Stinson



# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
# STATE OF OKLAHOMA

JANESSA BOINTY,

    Plaintiff,

v.

1. STATE OF OKLAHOMA, *ex rel*, OKLAHOMA STATE DEPARTMENT OF EDUCATION, and

2. RYAN WALTERS, in his official capacity as Superintendent of Public Instruction and his individual capacity,

    Defendant.

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 1 - 2023

RICK WARREN
COURT CLERK

Case No. 126_____

CJ - 2023 - 5054

## PETITION

**COMES NOW THE PLAINTIFF**, and for her cause of action herein alleges and states as follows:

1. Plaintiff is Janessa Bointy, an adult resident of Oklahoma County, Oklahoma.

2. Defendants are:

   a. The State of Oklahoma, *ex rel*, Oklahoma State Department of Education ("OSDE"), a political subdivision headquartered in Oklahoma County; and

   b. Ryan Walters, in his official capacity as Superintendent of Public Instruction for the State of Oklahoma and in his individual

EXHIBIT 1

capacity.

## CLAIMS AND VENUE

3. Plaintiff's cause of action is for wrongful and retaliatory termination of employment in violation of the First Amendment of the United States Constitution and Oklahoma's Constitution, Art. II, § 22, 42 U.S. § 1983 and Oklahoma's *Burk* tort doctrine.

4. All of the acts complained of herein occurred in Oklahoma County, Plaintiff resides in Oklahoma County and Defendant can be served in Oklahoma County; therefore, venue is proper in this Court.

## STATEMENT OF FACTS

5. Plaintiff, Janessa Bointy, is a former employee of Defendants. Plaintiff was employed as a School Counselor Specialist for Project AWARE East from around December 28, 2020, until March 9, 2023.

6. Plaintiff's job duties never involved publicizing programs or outreach to non-grant receiving districts. In fact, Plaintiff was assigned to facilitate grant work only with specific school districts: Ada, Checotah, and Atoka.

7. Plaintiff is a mother of four (4) children who are enrolled in the Edmond Public Schools system.

8. In February 2023, a student attending public school in Edmond, Oklahoma, passed away from complications after attempted suicide.

9. After learning of this tragedy, Plaintiff attended the next school board

2

meeting for Edmond Public Schools, which took place on or around March 6, 2023.

10. During the public comments section of such meeting, Plaintiff spoke for approximately two minutes on child and adolescent mental health, including the importance of providing mental health resources to students, the availability of such resources, and ideas for implementation.

11. The Edmond Public Schools board meeting public comment section is a public forum.

12. The contents of Plaintiff's speech were pulled from publicly-available resources such as the American Academy of Pediatrics, the American Academy of Child and Adolescent Psychiatry and Children's Hospital Association.

13. Plaintiff's speech was focused on a matter of public concern, particularly in light of the recent tragedy.

14. Later that night, on March 6, 2023, Fox 25 aired a news story discussing the Edmond Public Schools board meeting.

15. As part of the news story, portions of Plaintiff's speech were aired. Fox 25 identified Plaintiff as a "concerned parent."

16. Plaintiff did not interview with the news channel, and was unaware of any news presence when making her comments.

3

17. On or around March 9, 2023, Plaintiff's employment was terminated by Defendants.

18. The reasons stated on Plaintiff's termination document were: breach of the confidentiality agreement; violation of Defendant OSDE's media policy; and improper use of time and leave.

19. Two of the cited reasons specifically identify Plaintiff's comments made during the March 6, 2023, Edmond Public Schools meeting as their basis.

20. The reason for Plaintiff's termination was her speech to the board of Edmond Public Schools.

21. Plaintiff's speech was protected by the First Amendment of the United States Constitution and Oklahoma's Constitution, Art. II, § 22.

22. Plaintiff timely provided notice to Defendant OSDE on May 30, 2023, pursuant to the Governmental Tort Claims Act. Such notice was timely filed within one year of Plaintiff's termination. The claim was deemed denied after ninety (90) days lapsed without response. This action is timely filed within one hundred eighty (180) days of such denial.

23. As a direct result of the Defendants' conduct Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay) and emotional distress/dignitary harm damages.

24. Because the actions of Defendant Walters were willful, malicious, or in reckless disregard for Plaintiff's constitutionally-protected rights,

Plaintiff is entitled to an award of punitive damages.

## PRAYER

The actual damages under Plaintiff's claims exceeds Ten Thousand Dollars ($10,000.00).

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory and punitive damages together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 1st DAY OF SEPTEMBER 2023.**

Leah M. Roper, OBA # 32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
leah@centerforemploymentlaw.com
ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**

5



Oklahoma State Department of Education

Employee Handbook

# OKLAHOMA STATE DEPARTMENT OF EDUCATION

## ACKNOWLEDGEMENT OF RECEIPT

I understand that it is my responsibility to review all policies and procedures of the Oklahoma State Department of Education. I further understand it is my responsibility to seek clarification with my supervisor or Human Resources should I have any questions or concerns related to these policies and procedures.

I hereby confirm receipt of such and agree to comply with all the agency policies and procedures.

*Janessa Bointy*      12·28·2020

Employee Signature      Date

Janessa Bointy

Print Name Here

*Jamie L Miles*      12/28/20

HR Witness      Date

Jamie L Miles

Print Name Here

# [EXTERNAL] RE: OSDE 265 - eDiscovery Need

Smith, Jenn <jennsmith01@deloitte.com>
Fri 7/19/2024 4:39 PM
To: Shannon Smith <Shannon.Smith@sde.ok.gov>

Hi Shannon,

This looks good to me! The main points being that by excluding calendar invitations as well as limiting the scope of custodians to those with direct contact with the plaintiff are the two things that impacted our costs the most.

Thank you,

**Jenn L. Smith**
Deloitte Transactions & Business Analytics, LLP
Tel/Direct: **512.284.3032**
www.deloitte.com

*I support working flexibly. While it suits me to email now, I do not expect you to respond outside of your own working hours.*

**From:** Shannon Smith <Shannon.Smith@sde.ok.gov>
**Sent:** Friday, July 19, 2024 11:57 AM
**To:** Smith, Jenn <jennsmith01@deloitte.com>
**Subject:** [EXT] Re: OSDE 265 - eDiscovery Need

Hello, Jenn,

Thank you again for your help with this. Are the descriptions below an accurate summary? I just want to be certain as I discuss with Michael and opposing counsel to move discovery forward.

Estimate 1 -- $30k - $35k (For Plaintiff's Opening Discovery Requests as drafted)

For collection of (1) all emails to and from Janessa Bointy (inclusive of to, from, cc, and/or bcc); (2) all emails which include "Janessa" or "Janessa Bointy" or "Bointy" in the body or subject line of the email; (3) all emails which include the text "Project AWARE" and "school counselor specialist" in the subject line or body of the email; (4) all emails, if any, to or from Ryan Walters containing the text "Janessa" or "Janessa Bointy" or "Bointy" or "Project AWARE school counselor specialist"; and (5) all non-email documents that contain the text "Project AWARE" in the body of the document or in the meta data which also contain the text "Janessa" or "Janessa Bointy" or "Bointy" or "school counselor specialist". All requests limited to the

five (5) years preceding the filing of this suit as designated in Plaintiff's Opening Discovery Requests.

Estimate 2 – $2,735.47 - $4,070.09

Calendars excluded. Document collection for custodians Susan Miller, Jamie Miles (reports to Susan Miller), Cheryl McGee, and Janessa Bointy (1) all emails and TEAMS messages to and from Janessa Bointy (inclusive of to, from, cc, and/or bcc); (2) all emails and TEAMS messages which include "Janessa" or "Bointy" in the body or subject line of the email and all emails which include the text "Janessa" or "Bointy" and "Project AWARE" and "school counselor specialist" in the subject line or body of the email. Document collection for all emails and TEAMS messages, if any, to or from Ryan Walters containing the text "Janessa" or "Bointy". Document collection for custodians Susan Miller, Jamie Miles, Cheryl McGee, and Janessa Bointy of all non-email documents that contain the text "Project AWARE" in the body of the document or in the meta data which also contain the text "Janessa" or "Bointy". All requests limited to the time frame beginning three (3) months preceding Ms. Bointy's employment start date and extending to present.

Thank you,

**Shannon D. Smith**
Deputy General Counsel
Oklahoma State Department of Education
2500 N. Lincoln Blvd., 5th Floor North
Oklahoma City, Oklahoma 73105
Office Phone: 405-522-5260
Cell Phone: 405-764-5314



OKLAHOMA
Education

**CONFIDENTIALITY NOTICE:** *The information contained in this transmission may contain privileged and confidential information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.*