

# The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production
## (October 2017)

The Third Edition of *The Sedona Principles* is a project started in 2002 by The Sedona Conference Working Group on Electronic Document Retention & Production (WG1). From its inception, *The Sedona Principles* was intended to serve as best practices, recommendations, and principles for addressing electronically stored information (ESI) issues in disputes—whether in federal or state court, and whether during or before the commencement of litigation. Throughout its 15-year evolution, *The Sedona Principles* has been recognized as a foundational guide for attorneys and judges confronting the novel challenges of eDiscovery. The Third Edition reflects the development of electronic discovery practice over the past decade and the 2015 amendments to the Federal Rules of Civil Procedure.

*The Sedona Principles, Third Edition* presents fourteen practical Principles for addressing Electronic Document Production:

**Principle 1** Electronically stored information is generally subject to the same preservation and discovery requirements as other relevant information.

**Principle 2** When balancing the cost, burden, and need for electronically stored information, courts and parties should apply the proportionality standard embodied in Fed. R. Civ. P. 26(b)(1) and its state equivalents, which requires consideration of the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**Principle 3** As soon as practicable, parties should confer and seek to reach agreement regarding the preservation and production of electronically stored information.

**Principle 4** Discovery requests for electronically stored information should be as specific as possible; responses and objections to discovery should disclose the scope and limits of the production.

**Principle 5** The obligation to preserve electronically stored information requires reasonable and good faith efforts to retain information that is expected to be relevant to claims or defenses in reasonably anticipated or pending litigation. However, it is unreasonable to expect parties to take every conceivable step or disproportionate steps to preserve each instance of relevant electronically stored information.






| | |
|---|---|
| Principle 6 | Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information. |
| Principle 7 | The requesting party has the burden on a motion to compel to show that the responding party's steps to preserve and produce relevant electronically stored information were inadequate. |
| Principle 8 | The primary sources of electronically stored information to be preserved and produced should be those readily accessible in the ordinary course. Only when electronically stored information is not available through such primary sources should parties move down a continuum of less accessible sources until the information requested to be preserved or produced is no longer proportional. |
| Principle 9 | Absent a showing of special need and relevance, a responding party should not be required to preserve, review, or produce deleted, shadowed, fragmented, or residual electronically stored information. |
| Principle 10 | Parties should take reasonable steps to safeguard electronically stored information, the disclosure or dissemination of which is subject to privileges, work product protections, privacy obligations, or other legally enforceable restrictions. |
| Principle 11 | A responding party may satisfy its good faith obligations to preserve and produce relevant electronically stored information by using technology and processes, such as sampling, searching, or the use of selection criteria. |
| Principle 12 | The production of electronically stored information should be made in the form or forms in which it is ordinarily maintained or that is reasonably usable given the nature of the electronically stored information and the proportional needs of the case. |
| Principle 13 | The costs of preserving and producing relevant and proportionate electronically stored information ordinarily should be borne by the responding party. |
| Principle 14 | The breach of a duty to preserve electronically stored information may be addressed by remedial measures, sanctions, or both: remedial measures are appropriate to cure prejudice; sanctions are appropriate only if a party acted with intent to deprive another party of the use of relevant electronically stored information. |

The full text of *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, is available free for individual download from The Sedona Conference website at https://thesedonaconference.org/publication/The_Sedona_Principles.

© 2017 The Sedona Conference. Reprinted courtesy of The Sedona Conference.

