IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANESSA BOINTY,<br>    Plaintiff,<br><br>vs.<br><br>STATE OF OKLAHOMA, ex rel.,<br>THE OKLAHOMA STATE<br>DEPARTMENT OF EDUCATION, and<br>RYAN WALTERS, in his official<br>Capacity as the Superintendent of Public<br>Instruction for the State of Oklahoma,<br>    Defendants. | Cause No.: CIV-23-1002-F |

## DEFENDANTS' OKLAHOMA STATE DEPARTMENT OF EDUCATION AND RYAN WALTERS IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF PUBLIC INSTRUCTION AMENDED ANSWER AND COUNTERCLAIM

Defendants State of Oklahoma ex rel. Oklahoma State Department of Education and Ryan Walters, in his official capacity as Superintendent of Public Instruction, (hereinafter "Official Defendants") deny every allegation in Plaintiff's complaint unless specifically admitted herein. For further response, Official Defendants state as follows:

1. Paragraphs 1 and 2 accurately restate the caption of the case.

2. Paragraph 3 is unclear. To the extent Plaintiff asserts claims rather than summarizing her claims, Defendant denies.

3. Paragraph 4 is admitted.

4. To the best of Official Defendants' current knowledge, paragraph 5 is correct.

5. Paragraph 6 is denied.

6. Defendants are without sufficient knowledge to admit or deny Paragraph 7, and it is therefore denied.

1

7. Defendants have no personal knowledge of suicide alleged in Paragraph 8. Official Defendants are otherwise without sufficient knowledge to admit or deny Paragraph 8 in its entirety, and it is therefore denied in part.

8. Defendants are without sufficient knowledge to admit or deny Paragraph 9, and it is therefore denied.

9. Paragraph 10 is denied. The statements at issue in the complaint are available online for public consumption. *See* EPS Board Meeting – March 2023 at 24:19.[1]

10. Paragraph 11 is a legal conclusion to which no response is required. To the extent a response is required, any factual allegations in Paragraph 11 are denied.

11. Paragraph 12 is denied. The statements at issue in the complaint are available online for public consumption. *See* EPS Board Meeting – March 2023 at 24:19.

12. Paragraph 13 contains a mixture of factual allegations and legal conclusions. No response is required to the legal conclusions. The factual allegations are denied. The statements at issue in the complaint are available online for public consumption. *See* EPS Board Meeting – March 2023 at 24:19.

13. Defendants are without sufficient knowledge to admit or deny all the details of Paragraphs 14-16, and they are therefore denied.

---

[1] March Board of Education Meeting to be Live-Streamed on Youtube, Edmond Public Schools, March 6, 2023, https://www.edmondschools.net/article/1168294.

14. Paragraph 17 is denied in part. Defendant State of Oklahoma ex rel. Oklahoma State Department of Education admits it terminated Plaintiff on that date. Defendant Ryan Walters, in his official capacity, denies he terminated Plaintiff because the termination was performed by staff with delegated authority.

15. Paragraph 18 is an incorrect paraphrase of a document with further details. Official Defendants admit the existence of a termination document with multiple reasons for termination but otherwise deny the remainder of Paragraph 18.

16. Defendants admit Paragraph 19.

17. Defendants deny Paragraph 20.

18. Paragraph 21 is a legal conclusion to which no response is required. To the extent a response is required, any factual allegations in Paragraph 21 are denied.

19. Paragraph 22 is denied. The Oklahoma Office of Management and Enterprise Services (OMES) with the requested response on June 19, 2023. OMES subsequently denied the claim.

20. Paragraph 23 is denied.

21. Paragraph 24 is alleged against a different defendant and requires no response from these Defendants. To the extent any portion can be construed as against Official Defendants, such portion is denied.

22. Defendants deny the allegations in the prayer for relief, including denying that Plaintiff is entitled to any relief.

**Affirmative Defenses**

23. Plaintiff failed to state a claim upon which relief can be granted.

24. Plaintiff failed to exhaust administrative remedies.

**Counterclaim**

1. Plaintiff Janessa Bointy was an employee of the Oklahoma State Department of Education.

2. Plaintiff was not an at-will employee.

3. Plaintiff's job title was School Counselor Specialist AWARE East.

4. Plaintiff's job duties included public communication regarding Project AWARE.

5. Plaintiff spoke to the Edmond Public School Board regarding Project AWARE.

6. When speaking at the Edmond Public School Board meeting, Plaintiff presented herself as an employee of OSDE and Project AWARE.

7. Plaintiff did not consult with the Project AWARE Project Manager prior to addressing the Edmond Public School Board.

8. Plaintiff's employment performance records include reprimands for previous failures to appropriately communicate with her supervisor and other employees.

9. Plaintiff's employment performance records include advice instructing Plaintiff to make improvement in keeping others informed.

10. Plaintiff's failure to communicate as required within OSDE prior to addressing the Edmond Public School Board was just cause for termination.

4

11. Plaintiff was aware or should have been aware she was violating agency policy by addressing the Edmond Public School Board publicly.

12. Plaintiff's claim of wrongful termination is unfounded in the law.

13. Plaintiff knowingly and with malice has made and caused her legal counsel to make false public statements regarding her termination from employment with OSDE.

14. Plaintiff knowingly and with malice has made and caused her legal counsel to make false public statements regarding Superintendent Ryan Walters' alleged involvement in her termination from employment with OSDE.

15. Plaintiff knew these statements were false or had serious doubt as to whether the statements were true or false at the time they were made.

16. Such false statements were intended to and have caused harm to the reputation of the Oklahoma State Department of Education and Superintendent Ryan Walters resulting in consequential damages subjecting the agency and Superintendent Walters to public hatred, contempt, ridicule or disgrace resulting in financial loss and damage to Defendants' reputation, and/or emotional injury.

**WHEREFORE,** Defendants pray for judgment against Plaintiff Janessa Bointy, in an amount in excess of $75,000.00, plus punitive/exemplary damages in an amount to be proven at trial, attorney fees, costs, interest and any other relief that is just and equitable and proper.

**RESPECTFULLY SUBMITTED THIS 15TH DAY OF AUGUST, 2024.**

*Shannon D. Smith*
Shannon D. Smith OBA #17346
Michael T. Beason, OBA #18535
Oklahoma State Department of Education
2500 N. Lincoln Blvd.
Oklahoma City, OK 73105
Telephone: 405.764.5314
Shannon.Smith@sde.ok.gov
*Attorneys for Defendant Ryan Walters, in his official capacity as Superintendent of Public Instruction*

CERTIFICATE OF SERVICE

    A true copy of the foregoing was served on opposing counsel below listed via U.S. Mail, postage pre-paid, and e-mail on this 15th day of August 2024.

Leah M. Roper OBA #32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
Leah@CenterForEmploymentLaw.com
ATTORNEY FOR PLAINTIFF

Timothy Davis
Alexandra Marie Williams
Jackson Walker, LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102
(817) 334-7270
tdavis@jw.com
amwilliams@jw.com
Attorney for Defendant Ryan Walters, individually

/s/ Shannon D. Smith
Shannon D. Smith OBA #17346
Michael T. Beason, OBA #18535
Oklahoma State Department of Education
2500 N. Lincoln Blvd.
Oklahoma City, OK 73105
Telephone: 405.764.5314
Shannon.Smith@sde.ok.gov
*Attorney for Defendants Oklahoma State Department of Education and Ryan Walters, in his official capacity as Superintendent of Public Instruction*