# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANESSA BOINTY, | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. CIV-23-1002-F |
| STATE OF OKLAHOMA ex rel. OKLAHOMA STATE DEPARTMENT OF EDUCATION and RYAN WALTERS, in his official capacity as Superintendent of Public Instruction, and in his individual capacity, | ) |
| Defendants. | ) |

## **ORDER**

Defendants Oklahoma State Department of Education and Ryan Walters, in his official capacity, as Superintendent of Public Instruction, have moved (doc. no. 26) pursuant to Rule 26(b)(1) Fed. R. Civ. P., for a protective order limiting the scope of discovery and an order compelling the parties to confer and cooperate in establishing an electronically stored information (ESI) discovery plan and allowing additional time for supplementary responses to Plaintiff's Opening Discovery Requests. Plaintiff has responded (doc. no. 28, filed on August 6, 2024) and defendants have replied (doc. no. 29, filed on August 12, 2024).

Although the parties' filings make broad assertions about discovery needs, obligations and costs in this case, the court's focus, in considering this motion, is more narrowly on the question of whether the relief sought in the defendants' proposed order should be granted. What defendants seek is an order stating that:

The scope of discovery shall exclude the personnel records and unnecessary information of employees, other than the Plaintiff, of the Oklahoma State Department of Education. Additionally, the timeframe for discovery shall be limited to the time period beginning three (3) months prior to Plaintiff's first day of employment, effectively September 28, 2020, and extending to the filing date of Plaintiff's PETITION on September 1, 2023.

All parties are hereby ordered to meet and confer to develop an electronically stored information (ESI) discovery plan to be filed with the court on or before August 15, 2024. Accordingly, Defendants are granted an extension of time to provide supplementary responses to Plaintiff's Opening Discovery Requests until thirty (30) days following the filing of the ELECTRONICALLY STORED INFORMATION (ESI) DISCOVERY PLAN. Nothing in this order should be construed to limit the routine supplementary discovery responses that may be provided and/or required on an ongoing basis in accordance with the Federal Rules of Civil Procedure.

The motion will be granted in part and denied in part.

As an initial matter, the court notes that the motion before the court is not a motion for a protective order in the usual sense. It seeks an order precluding discovery of "unnecessary information of employees," but such an order would only invite further litigation over what is necessary and what is not. And plaintiff's response is not a motion to compel discovery. A motion to compel, or a motion for protective order, would ordinarily put in issue the precise discovery requests in question and would provide the parties' opposing contentions as to the merits, under Rule 26, of those *specific* discovery requests. The court does not have the benefit of that degree of specificity in the papers before it. What the court has is some rather broad assertions about the permissible scope of discovery and with respect to the cost of that discovery.

The court, having carefully considered the motion, the response and the reply, **ORDERS** as follows:

1. The temporal scope of production pursuant to Rule 34 (and, if applicable, with respect to responding under Rule 33) shall be the shorter of (i) four years prior to the date of filing of this action in state court, or (ii) such shorter period as may have been specified with respect to any specific discovery request.

2. The court declines to rule categorically with respect to the discoverability of personnel records relating to employees other than the plaintiff. The court will, however, provide some general guidance. The beginning point is that, for obvious reasons relating to the privacy of non-parties, discovery of personnel records is an especially sensitive matter. No court should, with a wave of the hand, compel production of personnel records relating to employees who are not parties to the litigation. Comparator evidence is evidence tending to show that the plaintiff "was treated differently than other similarly situated employees who violated work rules of comparable seriousness," <u>Aramburu v. Boeing Co.</u>, 112 F.3d 1398, 1404 (10th Cir. 1997), the key question being whether the decision maker who made the challenged decision with respect to the plaintiff intentionally discriminated against the plaintiff on a prohibited basis in making that adverse employment decision. In this case, if it turns out that there is no real dispute about the accuracy of plaintiff's assertion that her remarks at the meeting of the Edmond School Board were the motivating factor in the termination decision, that might well tend to diminish the relevance of comparator evidence. On the other hand, if the termination was based (or is sought to be justified), at least in part, on other factors, then comparator evidence is likely discoverable. But to the extent that comparator evidence is discoverable, it is discoverable only within the confines of the definition of an eligible comparator as articulated in the <u>Aramburu</u> decision. Thus, to the extent that comparator evidence may be relevant, it should not be too much of a job to narrow down the universe of eligible comparators, perhaps with the benefit of some carefully targeted discovery designed to identify similarly situated individuals who

were treated more favorably by the same decision maker. Likewise, on the issue of whether there was a pattern and practice of similar violations, it should not be too difficult to craft some carefully targeted discovery designed to identify individuals whose employment at the Department of Education met the same fate for the same reasons.

3. The parties are directed to meet and confer to develop an electronically stored information discovery plan to be filed with the court on or before September 4, 2024. As for the cost of discovery compliance, the court is unimpressed with defendants' cost-shifting arguments. Barring truly exceptional circumstances, the cost of discovery compliance is to be borne by the responding party. Defendants' assertion that discovery compliance in this case requires the services of a national accounting firm, costing as much as $35,000, is especially perplexing. It is not unreasonable to expect that a screen for potentially relevant electronically-stored information can be accomplished with the click of a mouse, to execute a search using a few well-chosen search terms. Once potentially relevant material is identified on the basis of a carefully targeted search, it should not cost $35,000 (or anything close to that) to separate the wheat from the chaff. If defendants' systems will not facilitate that sort of a routine search, that is not plaintiff's problem. On this point, the court also emphasizes its firm expectation that plaintiff's counsel will cooperate fully in crafting a search protocol designed to produce relevant information, the object being to avoid search results that would require inordinate amounts of time to be spent on manual review.

4. Defendants are granted an extension of time to provide supplementary responses to Plaintiff's Opening Discovery Requests until twenty days following the date of filing of the discovery plan. Nothing in this order should be construed to limit the routine supplementary discovery responses that may be provided or required on an ongoing basis in accordance with the Federal Rules of Civil Procedure.

_____

Defendants' motion, doc. no. 26, is accordingly **GRANTED IN PART AND DENIED IN PART**, as set forth above.

DATED this 21st day of August, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-1002p008.docx