IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JANESSA BOINTY**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF OKLAHOMA,** *ex rel*, **OKLA. STATE DEPARTMENT OF EDUCATION**, and <br><br> **RYAN WALTERS,** *in his official capacity as Superintendent of Public Instruction, and his individual capacity,* <br><br> Defendants. | Case No. CIV-23-1002-SLP |

**PLAINTIFF'S TRIAL BRIEF**

**COMES NOW THE PLAINTIFF,** and provides the following brief regarding material matters she anticipates arising over the course of trial in this matter:

**1. – PLAINTIFF'S BURDEN OF PROOF IS NOT "SOLE CAUSE" ON EITHER OF HER CLAIMS**

Defendants have argued on summary judgment that Ms. Bointy's speech must have been the "sole cause" of her termination. Dkt. 76, Prop. 4-5. However, neither of Ms. Bointy's claims require that she prove her speech was the sole cause of her termination. In fact, while the standards of causation differ on each of her respective legal claims, neither requires speech to be the exclusive reason for termination. Plaintiff anticipates Defendants will seek a jury instruction urging this requirement, which would be erroneous if granted.

Under her federal claims, brought under 42 U.S.C. § 1983, the speech must have been a "motivating factor" in the termination decision. ***Mt. Healthy City School Dist. v. Doyle***, 429 U.S. 274, 287 (1977). The Tenth Circuit has consistently applied this standard

1

in its First Amendment retaliation jurisprudence. See *Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1228 (10th Cir. 2014), citing *Dixon v. Kirkpatrick,* 553 F.3d 1294, 1301-02 (10th Cir. 2009).

In First Amendment retaliation claims, "[p]laintiffs bear the burden of showing that their speech... was a motivating factor in an adverse employment action." *Brammer-Hoelter,* 492 F.3d at 1203 (citing *Cragg*, 143 F.3d at 1346). The Supreme Court has defined a "motivating factor" as a factor that "provide[s]... a motive," with "motive" meaning "something within a person... that incites him to action." *Staub v. Proctor Hosp.*, 562 U.S. 411, 424 (2011) (citing Webster's Third New International Dictionary 1475 (1971)). Because a mixed-motive case by definition includes both legitimate and illegitimate reasons, this eliminates the need for pretext in its traditional sense, and allows that both lawful and unlawful motives may coexist; Bointy need only show that the unlawful motive(s) made a difference in the decision:

> [E]limination of possible legitimate reasons for the defendant's action is not needed when assessing whether trial is warranted in the mixed-motive context. . . [T]he plaintiff is not required to eliminate or rebut all the possible legitimate motivations of the defendant as long as the plaintiff can demonstrate that an illegitimate discriminatory animus factored into the defendant's decision to take the adverse employment action.

*White v. Baxter Healthcare Corp*., 533 F.3d 381, 401 (6th Cir. 2008). Thus, on the federal claim Ms. Bointy need not show her speech was the sole cause of her termination.

Under the *Burk* tort claim, Oklahoma has repeatedly determined that plaintiffs need establish the unlawful motive was a significant factor in the termination decision; again, not the sole factor. The Tenth Circuit had predicted that the significant factor test would be

applied in public policy wrongful discharge cases (***White v. American Airlines, Inc.***, 915 F.2d 1414, 1420-21 (10th Cir. 1990)) and this prediction was confirmed by the Oklahoma Supreme Court in ***Tate v. Browning-Ferris, Inc.***, 1992 OK 72, 833 P.2d 1218, 1230 n. 69 (Okla.1989) (racial discrimination):

> The plaintiff would, of course, have the burden to prove that a ***significant reason*** for his discharge was racial discrimination or retaliation for the exercise of rights under Title VII. ***See Thompson v. Medley Material Handling, Inc.***, Okla. 732 P.2d 461, 463 (1987), where we required the same standard of proof for retaliatory discharge in a statutory retaliation claim. (Emphasis by the Court).

The meaning of 'significant factor' has been explained in ***Elzey v. Forrest***, 1987 OK 58, 739 P.2d 999, 1001-02 (Okla. 1987):

> The significant factor test has been explained by the Sixth Circuit Court of Appeals, as imposing a more lenient standard than the `but for' test, but requiring a showing of more than a mere causal link. While a factor may be a cause without being significant, only the establishment of [the factor] as a significant cause is sufficient to support a prima facie case of [wrongful] discharge.

The Oklahoma Supreme Court has reaffirmed this rule several times. ***Cf. Wallace v. Halliburton Co.***, 1993 OK 24, 850 P.2d 1056, 1059 wherein the Court repeated that "an employee does not have to meet a 'but for' standard [however] the evidence must do more than show that the filing of the claims was only one of many possible factors resulting in his discharge." "[W]hen [improper] motivations comprise a ***significant factor*** in an employer's decision to terminate an employee, even though other legitimate reasons exist to justify the termination, the discharge" is wrongful. ***Id.***, 850 P.2d at 1058 quoting from ***Thompson v. Medley Material Handling, Inc.***, 1987 OK 2, 732 P.2d 461, 463 (emphasis supplied by the Court).

3

Thus, under each of Plaintiff's claims, she need not establish that her speech was the "sole" factor leading to her termination. The jury instructions submitted by Bointy accurately reflect these legal standards and should be applied to this case.

### 2. - PLAINTIFF MAY LEAD DEFENDANT'S EMPLOYEE WITNESSES

Fed.R.Evid 611(c) provides that: "When a party calls a hostile witness, an adverse party, *or a witness identified with an adverse party*, interrogation may be by leading questions." Emphasis supplied. This language broadens the class of persons who may be led during direct examination such that employees of an adverse party may be examined through leading questions:

> Prior to the adoption of Rule 611(c), before a party could lead a witness on direct examination, it had to be shown that the witness was actually hostile or was an adverse party, officer, director, or managing agent of such adverse party. ***Ellis v. City of Chicago***, 667 F.2d 606, 612 (7th Cir.1981). Rule 611(c), however, significantly enlarged the class of witnesses presumed hostile, 'and therefore subject to interrogation by leading questions without further showing of actual hostility.' ***Ellis***, 667 F.2d at 613 (citing Fed.R.Evid. 611 advisory committee note); ***see also Perkins v. Volkswagen of America, Inc***., 596 F.2d 681, 682 (5th Cir.1979) (error for trial court to rule that employee of defendant would be plaintiff's witness if plaintiff called him). Since Nurse Williamson, an employee of one of the defendants present when the alleged malpractice may have occurred, certainly was identified with a party adverse to Haney, the district court misread Rule 611(c) when it refused to allow Haney to lead him until actual hostility was established. See 3 J. Weinstein & M. Berger, *supra*, at 611-60 to -61.

***Haney v. Mizell Memorial Hospital,*** 744 F.2d 1467, 1477-1478 (11th Cir. 1984).

***See Vanemmerik v. Ground Round***, 1998 U.S. Dist. LEXIS 11765, *3-4, 1998 WL 474106, *1 (E.D. Pa. 1998) (collecting cases):

> The normal sense of a person 'identified with an adverse party' has come to mean, in general, an employee, agent, friend, or relative of an adverse party. ***See, e.g., Haney v. Mizell Memorial Hosp.,*** 744 F.2d 1467, 1477-78 (11th

4

Cir. 1984); *United States v. Hicks*, 748 F.2d 854, 859 (4th Cir. 1984) (allowing plaintiff to lead defendant's girlfriend); *Ellis v. Chicago*, 667 F.2d 606, 613 (7th Cir. 1981) (allowing plaintiff to lead police officers who worked closely with defendant police officer); *Perkins v. Volkswagen of Am., Inc.*, 596 F.2d 681, 682 (5th Cir. 1979) (stating that employee of a party is clearly identified with the party); *United States v. Brown*, 603 F.2d 1022, 1026 (1st Cir. 1979) (allowing prosecutor to lead witness who was close friend of defendant and a participant in crime); *Stahl v. Sun Microsystems, Inc.*, 775 F. Supp. 1397, 1398 (D. Colo. 1991) (allowing plaintiff to ask leading questions of defendant's former administrative secretary).

*Accord Jones v. Otis Elevator Co.*, 861 F.2d 655, 659-660 (11th Cir. 1988) (collecting cases). *Cf. Crawford v. United States*, 212 U.S. 186 (1909) (employees are presumed to be "identified with an adverse party" because "employment [i]s valuable"). In this case, Ms. Bointy anticipates calling multiple employee-witnesses from Defendant, including Susan Miller (Director of Human Resources) and Ryan Walters (Superintendent of Education) during her case in chief. Both witnesses are party-affilliated and leading of them is appropriate under these circumstances.

While Plaintiff can lead the witnesses of Defendant, Defendant may not lead its own employees, even if Plaintiff has called them. Though that situation would nominally be "cross-examination," the Tenth Circuit has explained that when the cross-examination is in form only, leading questions are not allowed. *Shultz v. Rice,* 809 F.2d 643, 654-55 (10th Cir. 1986):

> The advisory committee's note to [Fed.R.Evid. 611] subsection (c) explains: [t]he purpose of the qualification 'ordinarily' is to furnish a basis for denying the use of leading questions when the cross-examination is crossexamination in form only and not in fact, as for example 'crossexamination' of a party by its own counsel after being called by the opponent.' Fed.R.Evid. 611(c) advisory committee note. The instant scenario involving the questioning of [the party] by his own counsel is precisely that characterized in the note as 'cross-examination in form only

5

and not in fact,' and therefore, should not have been allowed as a matter of right. . .

**WHEREFORE,** Plaintiff may lead Defendant's employee-witnesses, however, Defendant may not ask leading questions of its own witnesses.

**RESPECTFULLY SUBMITTED THIS 1ˢᵗ DAY OF MAY 2025.**

*s/ Leah M. Roper*
Leah M. Roper, OBA #32107
THE CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: (405) 252-1180
Leah@CenterForEmploymentLaw.Com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on May 1, 2025, a true and correct copy of the foregoing instrument was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Shannon Smith
Blythe Hicks
Michael Beason
Jacquelyne K. Phelps
Oklahoma State Department of Education
2500 N. Lincoln Blvd.
Oklahoma City, OK 73105
Telephone: 405.764.5314
Shannon.smith@sde.ok.gov
Blythe.hicks@sde.ok.gov
Michael.beason@sde.ok.gov
Jacki.phelps@sde.ok.gov
Attorneys for Defendants Oklahoma State Department of Education and Ryan Walters, in his official capacity as Superintendent of Public Instruction

David R. Gleason
Moricoli Kellogg & Gleason PC
One Leadership Square, Ste. 1350
211 N. Robinson Ave.
Oklahoma City, OK 73102
dgleason@moricoli.com
Attorney For Defendant Ryan Walters, in his Individual Capacity

*s/Leah M. Roper*