IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANESSA BOINTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-1002-SLP |
| | ) | |
| STATE OF OKLAHOMA, | ) | (District Court of Oklahoma |
| ex rel, OKLAHOMA STATE | ) | County, Case No. CJ-2023-5054) |
| DEPARTMENT OF EDUCATION, | ) | |
| and RYAN WALTERS, in his Official | ) | |
| Capacity as Superintendent of Public | ) | |
| Instruction, and in his Individual | ) | |
| Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court are several Motions. By separate Order [Doc. No. 118], the Court has granted summary judgment in favor of Defendant Ryan Walters in his individual capacity as to Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 alleging a violation of her First Amendment rights. Based on that ruling, and Plaintiff's decision to withdraw certain claims in this action (as discussed below), the Court DECLINES to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim against the Oklahoma State Department of Education.

The Court finds Plaintiff's Motion for Summary Judgment [Doc. No. 77] is MOOT. Plaintiff's Motion is directed solely at her First Amendment retaliation claim brought pursuant to 42 U.S.C. § 1983 against the Oklahoma State Department of Education and Ryan Walters in his official capacity as Superintendent of Public

Instruction (the Official Defendants).  But, in responding to the Official Defendants' Motion for Summary Judgment, Plaintiff states the following:

> Ms. Bointy has raised multiple claims across the varying defendants in this matter, and will take this opportunity to clarify: Ms. Bointy's *Burk* tort claim is exclusively against Defendant Oklahoma State Department of Education, as her employer.  Ms. Bointy's claim that she was unlawfully terminated under § 1983 are [sic] raised against Defendant Walters in his official capacity, and Defendant Walters in his individual capacity.  ***However, upon review of the authority and damages sought by Ms. Bointy, Ms. Bointy withdraws her § 1983 claim against Defendant Walters in his official capacity***.

*See* Pl.'s Resp. [Doc. No. 107] at pp. 6-7 (emphasis added).  Because Plaintiff affirmatively represents that her § 1983 claim is raised solely against Defendant Walters, the Motion is moot as to any claim against Defendant Oklahoma State Department of Education.  And because Plaintiff withdraws her § 1983 claim against Defendant Walters in his official capacity, the Motion is moot as to any official-capacity claim against Defendant Walters.  Thus, the only § 1983 claim remaining is the claim against Defendant Walters in his individual capacity and, as set forth, the Court has found Defendant Walters is entitled to summary judgment as to that claim.

The Court further finds, based on Plaintiff's affirmative representations, that the Official Defendants' Motion for Summary Judgment [Doc. No. 76] is MOOT as to Plaintiff's official-capacity § 1983 claim against Defendant Walters.

Resolution of Plaintiff's § 1983 claims leaves as the only remaining claim, Plaintiff's state-law *Burk* claim brought against Defendant Oklahoma State

Department of Education.[1]  The Court declines to exercise supplemental jurisdiction over the state-law claim.  *See* 28 U.S.C. § 1367(c)(3) (allowing court to "decline to exercise supplemental jurisdiction" over a state-law claim when it "has dismissed all claims over which it has original jurisdiction . . . .").[2]

The Tenth Circuit has stated that "[n]otions of comity and federalism demand that a state court try its own lawsuits absent compelling reasons to the contrary." *Thatcher Enter. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).  Moreover, the Tenth Circuit has instructed that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *see also Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (affirming district court's grant of summary judgment on federal claims for excessive force and conspiracy and malicious prosecution but reversing district court's grant of summary judgment on remaining state law claims of assault and battery as "best left for a state court's determination" and declining to exercise supplemental jurisdiction) *abrogated on other grounds by Torres v. Madrid*, 592 U.S. 306 (2021).

---

[1] This claim is addressed by the parties in their summary judgment briefing submissions.

[2] This case was removed solely on the basis of federal question jurisdiction.  *See* Notice of Removal [Doc. No. 1].  The record is void of any evidence that the parties are of diverse citizenship.  To the contrary, the records supports that the parties are all citizens of the State of Oklahoma.

In the exercise of its discretion, the Court finds the state court is in a better position to evaluate Plaintiff's remaining state-law claim. There are no compelling reasons why this Court should address the state-law claim. Accordingly, the Court will remand the state-law claim to state court.

IT IS THEREFORE ORDERED as follows:

1) The Official Defendants' Motion for Summary Judgment [Doc. No. 76] is DENIED as MOOT as to Plaintiff's official-capacity § 1983 claim against Defendant Walters.

2) Plaintiff's Motion for Summary Judgment [Doc. No. 77] is DENIED as MOOT.

3) The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim and that claim is remanded to the District Court of Oklahoma County for further proceedings.

4) The Court STRIKES all remaining pending Motions, without prejudice to refiling in state court in accordance with state law and procedures.

A separate judgment shall be entered contemporaneously with this Order on Plaintiff's federal claims. The Clerk of Court is directed to take all actions necessary to effect a remand of the remaining state-law claim to the District Court of Oklahoma County, State of Oklahoma.

IT IS SO ORDERED this 23rd day of June, 2025.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE